MICHIGAN SAVINGS BANK *v.* CITY OF DETROIT.

1. UNJUST ASSESSMENTS—REMEDY—BOARDS OF REVIEW.

Boards of review are the proper tribunals for the correction of unjust assessments, and parties will not be heard in the courts until they have exhausted their remedy before these tribunals.

2. SAME—EXCUSING FAILURE TO APPEAL TO BOARD—ACTION AT LAW.

In an action by a bank to recover taxes paid upon its capital stock under protest, it appeared that the assessing .officers, acting under the advice of the city counselor, refused to assess certain real-estate mortgages owned by plaintiff, and to deduct the value thereof from that of its capital stock, as required by the tax law of 1891, on the ground that each of the mortgages contained an agreement that the mortgagor should pay the taxes upon the land. Plaintiff took no steps to have the assessment corrected, either before the board of assessors or the common council, both of which, under the charter, were clothed with the powers of a board of review. While the assessment rolls were still in the hands of the council for review, a decision was rendered by the Supreme Court, holding that mortgages containing such agreements should, for the purposes of assessment, be treated the same as other mortgages. Before bringing suit, plaintiff presented a petition to the council to have the tax refunded, which was denied. *Held*, that plaintiff could not avoid the effect of its failure to appeal to the board of review provided for by the statute, upon the ground that its case had been prejudged, and that such action would have been an idle ceremony.

Error to Wayne; Lillibridge, J. Submitted November 21, 1895. Decided December 3, 1895.

*Assumpsit* to recover taxes paid under protest. From a judgment for plaintiff, defendant brings error. Reversed.

In the spring of 1892 the plaintiff was the owner of real-estate mortgages to the amount of $377,240, in each of which it was agreed that the mortgagor should pay

the taxes upon the land. On March 26th the plaintiff made out a sworn statement of its real and personal property subject to assessment, and a complete schedule of these mortgages, which contained the names of the mortgagors, and the description of the property mortgaged, and submitted the same to the board of assessors of Detroit. The assessors did not deduct these mortgages from the value of the capital stock, but assessed to each stockholder the amount of his stock at the assessed value of $137 per share. The plaintiff took no steps to have this assessment corrected, either before the assessors or before the common council. On September 23d the receiver of taxes made a demand upon the cashier of the bank for the payment of the taxes assessed, threatening, in case of refusal, to levy on the properties of the respective stockholders. The cashier thereupon paid the entire amount under protest. The stockholders then assigned their respective claims to the bank, which instituted this suit to recover the amount so paid. Before bringing suit, it presented a petition to the common council of the city for repayment, which was refused. The court, upon a finding of facts and law, entered judgment for the plaintiff.

*John J. Speed,* for appellant.

*Wilkinson & Post,* for appellee.

Grant, J. (*after stating the facts*). It is unnecessary to cite the numerous authorities of this court to the proposition that boards of review are the proper tribunals for the correction of unjust assessments, and that parties will not be heard in the courts until they have exhausted their remedy before these tribunals. This is conceded, but the plaintiff seeks to excuse the non-performance of this duty by the claim that the assessors and common council had prejudged the plaintiff's case, and had entered into a scheme to tax the stockholders

in plain violation of the law, and that, therefore, it would have been an idle ceremony to appeal to them to correct the error. We do not think the facts justified the plaintiff in taking this position. The case of *Common Council of Detroit* v. *Board of Assessors of Detroit*, 91 Mich. 78, was decided March 18, 1892, holding Act No. 200, Pub. Acts 1891, to be constitutional. The board of assessors are required, on or before the 1st day of April in each year, to make their assessment, which is subject to the correction and revision of the common council, and to issue a notice to the taxpayers, to be published in the daily newspapers for two weeks prior to the 1st day of April, that the rolls have been completed. Any person considering himself aggrieved may appear before the board, adduce proofs, and have the assessment reviewed. The board are clothed with power to correct any such assessment. The board must return the rolls to the common council on or before the third Tuesday of April. Every person aggrieved by the assessment of the board of assessors may appeal to the common council, in whose hands the rolls are required to remain 16 days for that purpose. City Charter, §§ 163, 167-169. After the above decision was rendered, the board of assessors asked the advice of the city counselor as to their duties in assessing to the banks mortgages containing an agreement that the mortgagor should pay the tax. On April 6th the city counselor submitted a written opinion to the board, advising them that such mortgages should not be assessed to the banks, but only those mortgages which did not contain the agreement referred to. Upon this advice the board acted. Plaintiff did not appear before the board to seek a correction, nor before the common council. This point was not directly decided in that case, and there is nothing in the record to show that the city counselor did not act in good faith in giving his opinion. Acting upon this letter, the board of assessors passed a resolution found in *Latham* v. *Board of Assessors of Detroit*, 91 Mich. 510.

The writ in that case was granted May 6th, and the opinion filed May 11th, the rolls being then in the hands of the common council for review. Whether or not the council might of their own motion have made the change, this did not relieve the plaintiff from its duty, nor are courts at liberty to say that they would not have done it upon appeal. We think the plaintiff has shown no legal excuse for not appealing to the board of review.

The judgment must be reversed, with the costs of both courts, and no new trial granted.

The other Justices concurred.