TOWNSHIP OF NORTON *v.* COCKERILL.

DRAINS—LIMITATION OF ACTION—ILLEGAL ASSESSMENTS—SEWERS.
> Statute of limitations in drain law is applicable to action to recover payments made for sewer construction had under drain law before invalidity of proceedings was determined (1 Comp. Laws 1929, § 4927). `
>
> POTTER, WIEST, and BUTZEL, JJ., dissenting.

Appeal from Muskegon; Miles (Fred T.), J., presiding. Submitted October 13, 1933. (Docket No. 33, Calendar No. 37,330.) Decided December 19, 1933.

Bill by Township of Norton, Muskegon County, a municipal corporation, and others against Ernest R. Cockerill, Muskegon County Drain Commissioner, and others to set aside proceedings to establish a drain and recover assessments theretofore paid. From decree declaring the proceedings void but denying recovery of assessments paid, plaintiffs appeal. Affirmed.

*Balgooyen & Cook,* for plaintiffs.

*Alexis J. Rogoski* and *Francis G. Barlow,* for defendants.

McDONALD, C. J.   The purpose of this suit was to set aside proceedings to establish and construct a certain drain known as Ruddiman No. 3 drain in the township of Norton, Muskegon county, Michigan.

The proceedings were under the general drain law (Act No. 316, Pub. Acts 1923 [see as amended

1 Comp. Laws 1929, § 4838 *et seq.*]). The undisputed facts show that the construction was not a drain but was in fact and law a sewer. The trial court so held and accordingly decreed from which no appeal has been taken. This appeal is by the plaintiffs and the only question involved is their right to recover the assessments levied on their land and paid by them before the validity of the proceedings was determined.

The trial court held that right of recovery was precluded by reason of failure to begin their suit within 30 days from the time of payment as required by statute, 1 Comp. Laws 1929, § 4927, which reads:

"No suit shall be instituted to recover any drain tax or money paid or property sold therefor, or for damages on account thereof, unless brought within thirty days from the time of payment of such money to, or sale of such property by, the collecting officer."

It is conceded that this suit was not begun within the time prescribed. There is no question as to the validity of the statute. The plaintiffs' only contention is that it has no applicability to their case. We are unable to agree with this contention. The time limit for bringing suit is plainly and positively stated without any qualification whatever. It is a reasonable limitation. In express terms it applies to suits for recovery of money paid on illegal drain assessments. In 61 C. J. p. 999, § 1277, it is said:

"If there are special statutes of limitation applicable to actions for the recovery of taxes paid, and such statutes are valid, the action is barred unless brought within the prescribed time after the cause of action has accrued; otherwise it is barred by the same lapse of time which would limit an action for money had and received between private parties."

This text is supported by *Lingle* v. *Township of Elmwood,* 142 Mich. 194, which held that failure to bring suit within 30 days after payment of an illegal tax was a complete bar to a recovery. See, also, 26 R. C. L. p. 466.

The court correctly held that the plaintiffs were not entitled to recover the assessments paid. The decree is affirmed, with costs of this court to the defendants. The costs in the circuit court belong to the plaintiffs.

WEADOCK, SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, C. J.

WIEST, J. (*dissenting*). I have not reached the conclusion announced by the Chief Justice.

I start with him in holding that "The undisputed facts show that the construction was not a drain but was in fact and law a sewer," and from there we separate. The proceeding was void *ab initio.* The proceeding was void because not within the drain law. Not being within the drain law at any stage no provision of the drain law is applicable.

In *Township of Lake* v. *Millar,* 257 Mich. 135, Mr. Justice POTTER, speaking for the court, said:

"The rule is that errors and irregularities in drain proceedings must be taken advantage of by certiorari, but an entire want of jurisdiction may be taken advantage of at any time. The drain commissioner had no jurisdiction to construct a sewer any more than to construct a Covert road. No one will contend that if the drain commissioner, when the petition for a drain was filed with him, had laid out an assessment district, established and constructed a Covert road, the plaintiffs would have been without remedy. The same legal question is

here presented. The proceedings are void for want of jurisdiction.''

That case involved the limitation of right of review under the drain law. In the case at bar we have an instance wholly without the drain law and not one under the drain law involving irregularities only.

I cannot hold that a proceeding, wholly without the provisions of the drain law, is to be governed by provisions of the drain law.

The decree should be reversed and the case remanded to the circuit for proceedings in accord with this opinion. Plaintiffs should recover costs.

POTTER and BUTZEL, JJ., concurred with WIEST, J.