HUTSON *v.* CITY OF ROYAL OAK

1. TAXATION—BOARD OF REVIEW.
    Generally, before one is entitled to sue for taxes paid under protest, he must show he has followed the proper procedural steps, such as application to the board of review.

2. TAXATION—REMEDY OF TAXPAYER—BOARD OF REVIEW—EXHAUSTING REMEDIES.
    Before resorting to the courts to recover taxes on the theory that property of another was fraudulently omitted from the tax roll or undervalued, the taxpayer must exhaust the remedies given him by law.

3. TAXATION—ADMINISTRATIVE LAW—ADMINISTRATIVE REMEDIES— UNJUST ASSESSMENTS—PRESUMPTION OF JUST PERFORMANCE.
    The basis of exhaustion of administrative remedies for the correction of unjust assessments is the presumption that the administrative agency, if given a chance to pass upon the matter, will decide correctly and will not fail in the performance of its duty.

Appeal from Oakland, William John Beer, J. Submitted Division 2 January 8, 1970, at Lansing. (Docket No. 6,612.)   Decided December 3, 1970.

Complaint for *mandamus*, repayment of taxes, and for an order to show cause by Jack W. Hutson against the City of Royal Oak, School District of Royal Oak, and Oakland Community College.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 943, 1103, 1189.
[2] 51 Am Jur, Taxation § 77.
[3] 51 Am Jur, Taxation § 769.

Judgment for plaintiff. Defendant City of Royal Oak's motion for a summary judgment was denied. Defendant City of Royal Oak appeals. Reversed.

*Michael W. Hutson,* for plaintiff.

*Allan G. Hertler,* City Attorney, and *Daniel Sawicki,* Assistant City Attorney, for defendant City of Royal Oak.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. On August 12, 1968, plaintiff, Jack W. Hutson, filed a complaint in the Oakland County Circuit Court seeking repayment of taxes, for a writ of *mandamus,* and for an order to show cause. Plaintiff had previously paid his personal property taxes on July 24, 1968, accompanied by a statement of protest.

Plaintiff alleges that the City of Royal Oak has consistently assessed the personal property of business and professional individuals but has fraudulently neglected to assess the owners of household goods with an aggregate valuation exceeding $5,000. The trial court found for the plaintiff. It ordered a refund of the taxes paid by plaintiff, and directed that a writ of *mandamus* be issued compelling the City Assessor to assess on the aforementioned household goods. Defendant's motion for a summary judgment was denied, and defendant brings this appeal, claiming that the trial court erred in so ruling.

The parties on appeal discuss three separate questions. These can be summarized in one issue:

Whether the plaintiff is entitled to judicial relief at the present time in this matter.

We are bound by the doctrine of *stare decisis.* It is the general rule that before one is entitled to sue for taxes paid under protest, he must show he has followed the proper procedural steps, such as application to the board of review. *Michigan Savings Bank* v. *City of Detroit* (1895), 107 Mich 246. It is clear that before resorting to the courts to recover taxes on the theory that property of another was fraudulently omitted from the tax roll or undervalued, the taxpayer should exhaust the remedies given him by the law. *Fletcher Paper Co.* v. *City of Alpena* (1912), 172 Mich 35. The basis of exhaustion of administrative remedies is the presumption that the administrative agency, if given a chance to pass upon the matter, will decide correctly and will not fail in the performance of its duty.

Moreover, we do not believe that the facts of this case constitute a perpetration of fraud, either actual or constructive, which would place it within the exception to the aforementioned general rule. See *Spoon-Shacket Company* v. *County of Oakland* (1959), 356 Mich 151.[1]

The motion for summary judgment should have been granted by the trial court. No costs, a public question being involved.

---

[1] CL 1948, § 211.9 as amended by PA 1969, No 169 (Stat Ann 1970 Cum Supp § 7.9), which is now in effect, reads, in part:

"Sec. 9. The following personal property shall be exempt from taxation, to wit:

\* \* \*

"Sixth, All personal property owned and used by a householder such as customary furniture, fixtures, provisions, fuel, and other similar equipment. Also the wearing apparel including personal jewelry, family pictures, school books, library books of reference, and allied items. Provided that this section is not intended to exempt the above mentioned personal property when used to produce income, is held for speculative investment, or constitutes an inventory of goods for sale in the regular course of trade".

Thus, there no longer is a $5,000 limitation on the exemption for household fixtures not used in business.