## PRICE PAPER CORPORATION v CITY OF DETROIT

1. TAXATION—PERSONAL PROPERTY—IMPORTS—EXEMPTION.

Merchandise imported for the purpose of resale is exempt from local property tax prior to resale (US Const, Art I, § 10).

2. TAXATION—PERSONAL PROPERTY—IMPORTS—EXEMPTION—NEWS-PRINT—RESALE.

Newsprint imported from Canada for sale to a newspaper and stored with the printer who will ultimately use it in printing under contract for the newspaper is exempt from local property tax until the sale is consummated by identification of the newsprint to the contract of sale by the printer (US Const, Art I, § 10).

3. TAXATION—ILLEGALLY ASSESSED TAX—LIMITATION OF ACTIONS—CONSTITUTIONAL LAW—IMPORTS.

Failure to exercise the statutory remedy to recover payment of an illegal tax on imports within the prescribed time limit of 30 days does not deny the constitutional tax exemption on imports, but forecloses assertion of the exemption in the courts (US Const, Art I, § 10; MCLA 211.53).

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 June 12, 1972, at Detroit. (Docket Nos. 11811–11815, 11838, 11839.) Decided August 29, 1972.

Complaint by Price Paper Corporation against the City of Detroit and Wayne County to recover certain *ad valorem* taxes paid under protest. Judgment for plaintiff. Defendants appeal. Affirmed.

*Kenneth Murray* and *Brownson Murray,* for plaintiff.

---

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur, Taxation §§ 103, 104.

*Michael M. Glusac,* Corporation Counsel, and *Arthur Yim* and *Lawrence W. Morgan,* Assistants Corporation Counsel, for defendant City of Detroit.

*Aloysius J. Suchy,* Corporation Counsel, and *William F. Koney,* Assistant Corporation Counsel, for defendant Wayne County.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. Defendants, City of Detroit and the County of Wayne, appeal the separate successive determinations of the trial court granting plaintiff recovery of certain *ad valorem* taxes paid under protest.

The plaintiff, Price Paper Corporation, a Delaware corporation, is in the business of importing newsprint from Canada for resale to various newspapers in the United States. A principal customer is the Detroit Shopping News. In 1967 plaintiff began to rent storage space for its imported newsprint at the facilities of Safran Printing Co. instead of placing it in public warehouses as it had formerly done. At about the same time, Safran became the printer for plaintiff's customer, the Detroit Shopping News. Plaintiff's paper remained stored in its original wrappings until such time as Safran readied it for the presses. At that time, according to plaintiff's supply contract with the Detroit Shopping News, the paper would be identified to the contract and title would pass from Price to the Shopping News.

Defendants levied an *ad valorem* tax on the rolls of newsprint stored with Safran commencing with

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the year 1967. Plaintiff paid under protest, claiming an import exemption under the Federal Constitution, US Const, art I, § 10(2).

Defendants claim the newsprint lost the character of an import. Inasmuch as the paper rolls stored with Safran were destined for the Shopping News, printed on the premises, and were readily available as part of the printer's working inventory, they thereby passed into the use for which they had been imported, *i.e.,* as part of the current operating requirements of the publishing process. *Hooven & Allison Co v Evatt, Tax Commissioner,* 324 US 652; 65 S Ct 870; 89 L Ed 1252 (1945); *Youngstown Sheet & Tube Co v Bowers, Tax Commissioner,* 358 US 534; 79 S Ct 383; 3 L Ed 2d 490 (1959), and see *Knight Newspapers, Inc v Detroit,* 16 Mich App 438 (1969). We find, however, the so-called "use doctrine" relied on in those cases inapplicable to the cases presently before us and to this plaintiff. Unlike Youngstown Sheet & Tube Company, the United States Plywood Corporation (second plaintiff in *Youngstown),* or Knight Newspapers, plaintiff here imported the merchandise for resale and not for its own manufacturing or publishing operation. Until the sale is consummated and the paper identified to the contract the holding in *Detroit v Lake Superior Paper Co,* 202 Mich 22 (1918), controls, *i.e.,* the right to resell imported goods free of prior local property tax goes along with the right to bring them into the country. We affirm the lower court summary judgments to return the assessments.

There remains one final matter for determination. In two of the cases joined here on appeal, plaintiff was denied recovery of the illegally assessed taxes for having failed to bring suit within 30 days of payment, MCLA 211.53; MSA 7.97.

Plaintiff urges that payments constitutionally void must be repaid irrespective of compliance with the statute of limitations. We disagree. The provision of the Federal Constitution prohibiting state taxation of imports is not self-executing. Plaintiff's failure to exercise the existing statutory remedy within the prescribed time limit does not deny the constitutional tax exemption on imports. It does, however, foreclose further assertion of the exemption in the courts. Even in the case of an illegal tax, failure to bring suit within 30 days after payment acts as a complete bar to recovery. *Norton Twp v Cockerill,* 265 Mich 405 (1933); *Lingle v Elmwood Twp,* 142 Mich 194 (1905). The trial court's dismissal of suit in these two instances is likewise affirmed.

All concurred.