INTERSTATE STEEL CORPORATION v
CITY OF DETROIT

TAXATION—PERSONAL PROPERTY—IMPORTED PROPERTY—POSSESSION—
ADMINISTRATIVE PROCEDURE—COURTS—STATUTES.

A plaintiff foreign corporation which had paid personal property
taxes under protest on property owned by it, imported from
foreign sources and stored in a locally-owned warehouse, and
thus not in the corporation's possession may have such taxes
reviewed in the courts without necessity for it to follow the
administrative procedures through the board of review (MCLA
211.53).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 January 8, 1975, at Detroit. (Docket No. 19259.) Decided March 11, 1975. Leave to appeal denied, 394 Mich 820.

Complaint by Interstate Steel Corporation against the City of Detroit for the return of personal property taxes paid under protest. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Kasoff, Young, Gottesman, Kovinsky & Friedman,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *Lawrence W. Morgan* and *John K. Godre,* Assistants Corporation Counsel, for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

QUINN, P. J. Pursuant to MCLA 211.53; MSA

REFERENCES FOR POINTS IN HEADNOTE
71 Am Jur 2d, State and Local Taxation § 303 *et seq.*
Taxation of intangible property of foreign corporation having chief
place of business in the state. 104 ALR 806.

7.97, plaintiff paid a personal property tax assessment under protest and filed this action for the return thereof. Judgment of no cause of action entered below on the basis that plaintiff had failed to exhaust its administrative remedies. This appeal followed.

Plaintiff is an Illinois corporation. January 1, 1969, it owned steel imported from foreign sources which was located at a warehouse owned by a storage company and situated in Detroit. Plaintiff was the efficient cause of importation of the steel which was contained in unbroken and original packages. The steel was not incorporated or mixed with other property of plaintiff. It was not put to the use for which it was intended.

Plaintiff did not file a sworn personal property tax assessment form as required by MCLA 211.18; MSA 7.18, nor did plaintiff appear before the board of review. Defendant contends that plaintiff had to take both of these steps before seeking relief in court. On the basis of *Hutson v Royal Oak,* 28 Mich App 393; 184 NW2d 558 (1970), the trial court agreed with defendant.

Plaintiff contends that it filed no sworn personal property tax assessment form because the property taxed was not in its possession. (See MCLA 211.18, *supra.)* Claiming this property was immune from taxation under US Const art I, § 10(2), plaintiff asserts it was not necessary to go to the board of review.

We find the trial court's reliance on *Hutson, supra,* misplaced. That case involved a claim that property of another was fraudulently omitted from the tax roll. If true, the board of review could have corrected the situation, see MCLA 211.29; MSA 7.29. Thus, the *Hutson* court held that exhaustion of administrative remedies was required.

In the case at bar, plaintiff's claim of immunity is a legal question resolvable by a proceeding under MCLA 211.53; MSA 7.97 without following the administrative procedure through the board of review.

Reversed and remanded but without costs, a public question being involved.