IMERMAN SCREW PRODUCTS COMPANY v CITY OF
HAMTRAMCK

1. Taxation—Statutes—Tax Tribunal Act—Assessment Appeals—
   Condition Precedent.

   A proceeding before the Tax Tribunal is original and independent
   and is conducted *de novo,* but in the case of an assessment
   appeal the valuation of the assessed property must first be
   protested before the local board of review (MCLA 205.735; MSA
   7.650[35]).

2. Taxation—Personal Property Tax—Tax Tribunal—Adminis-
   trative Law.

   A petition to the Tax Tribunal for a redetermination of the
   petitioner's previous year's tax assessment was properly dis-
   missed where the petitioner had not availed himself of the
   opportunity to claim certain personal property as exempt, paid
   the tax, did not avail himself of the opportunity to file a suit in
   circuit court for a refund, and did not protest the assessment
   before the board of review.

3. Taxation—Personal Property Tax—Exempt Property—Board
   of Review—Question of Fact.

   A claim seeking a redetermination of an assessment for personal
   property taxes on property claimed to be exempt should be
   brought before the board of review where the question of the
   exemption is one of fact.

Appeal from Tax Tribunal. Submitted February
12, 1976, at Lansing. (Docket No. 24859.) Decided
March 9, 1976.

Petition to the Michigan Tax Tribunal by Imer-
man Screw Products Company seeking a redeter-
mination of plaintiff's personal property tax assess-
ment by the City of Hamtramck and a refund of

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 72 Am Jur 2d, State and Local Taxation §§ 787, 802, 811.

personal property taxes paid to the city. The County of Wayne intervened as a party defendant. Petition dismissed. Plaintiff appeals. Affirmed.

*Friedman, Meyers & Keys* (by *Lawrence J. Jackier*), for plaintiff.

*Edmund E. Torcellini*, City Attorney, for defendants City of Hamtramck and Hamtramck City Treasurer.

*Aloysius J. Suchy*, Corporation Counsel, and *John K. Godre*, Assistant Corporation Counsel, for defendant Wayne County.

Before: D. E. HOLBROOK, JR., P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

D. E. HOLBROOK, J. This is an appeal as of right from an order of the Michigan Tax Tribunal which denied plaintiff's motion for rehearing of an order of accelerated judgment dismissing plaintiff's petition and affirming a tax assessment against plaintiff Imerman by the City of Hamtramck.

The City of Hamtramck made an assessment on personal property owned by plaintiff based upon a tax statement form filed by plaintiff on February 20, 1974. The tax statement listed the value of plaintiff's personal property and did not claim an import immunity exemption as provided for on line 9 of the tax statement for imported merchandise for resale without further processing, or imported merchandise not yet committed to use. The assessment was made on February 21, 1974, and the tax bill was mailed on July 10, 1974. Plaintiff paid the taxes in two installments, the last being on December 26, 1974. On January 8, 1975 plaintiff filed a petition with the Michigan Tax Tribunal

claiming an exemption, and seeking redetermination of its 1974 assessment and a refund of personal property taxes paid to the city. Plaintiff claimed that the tax paid was unconstitutionally levied upon imported raw steel in its original, unbroken packages, in violation of US Const, art I, § 10, clause 2. Defendant City of Hamtramck and intervening-defendant County of Wayne moved for dismissal of plaintiff's petition and entry of accelerated judgment under GCR 1963, 116, because of plaintiff's failure to exhaust administrative remedies by protesting the original assessment to the Hamtramck board of review. The Michigan Tax Tribunal granted the motion of defendants, and rendered the following opinion with which we find ourselves in substantial agreement:

"The issue squarely before this Tribunal is:
" 'MUST A PETITIONER APPEAR BEFORE THE LOCAL BOARD OF REVIEW AS A CONDITION PRECEDENT TO MAINTAINING AN ACTION WITH THE TAX TRIBUNAL CONTESTING ASSESSMENTS FOR AD VALOREM PROPERTY TAX PURPOSES.'
"Section 35 of the Tax Tribunal Act, being MCLA 205.735; MSA 7.650(35) provides:
" '(1) A proceeding before the tribunal shall be original and independent and shall be considered de novo. *In the case of an assessment appeal, the valuation of the same property must be protested before the board of review.* '[Emphasis added.]
"It is clear that the Tribunal Act itself creates a distinct condition precedent to maintenance of an action of exhausting administrative remedies before the local board of review.
"Petitioner concedes the requirement of an appearance before the board of review in 'assessment appeals,' but characterizes its proceedings as one falling under § 31(b) of the Tribunal Act, MCLA 205.731; MSA 7.650(31)(b), which pertains to 'A proceeding for refund

or redetermination of a tax under the property tax laws.'

"In petitioner's view, there are two distinct bases for invoking the jurisdiction of the Tax Tribunal; § 31(a) involving board of review action and § 31(b) not requiring board of review action. In our view, § 31 is not susceptible to such a construction. This Tribunal is the successor to well known statutory avenues of assessment contest. One involved appeal by aggrieved taxpayers to the State Tax Commission pursuant to MCLA 211.152; MSA 7.210. The other was the payment under protest and circuit court suit avenue provided by MCLA 211.53; MSA 7.97. Section 31 is the Tribunal's jurisdictional counterpart of each; § 35 cannot be read to apply only to § 31(a), as § 31(a) and § 31(b) both refer to a methodology or procedure for correcting alleged wrongs associated with assessments and taxes under the property tax laws.

"Moreover, in the instant matter, petitioner's pleadings which indicate an intent to litigate an alleged erroneous 'assessment' or 'valuation' as relief sought is that 'this Tribunal redetermine petitioner's 1974 personal property tax assessment * * * .'

"Furthermore, even if petitioner's argument that a proceeding for 'refund' is distinct from an 'assessment appeal' and accepted as correct, pre-Tribunal case law requires exhaustion of administrative remedies before the board of review as a condition precedent to legal remedies by the courts.

"The case of *Michigan Savings Bank v City of Detroit,* 107 Mich 246 [65 NW 101] (1895) is typical of cases which have held the failure to appear before the local board of review bars taxpayers from seeking further relief. In *Michigan Savings Bank, supra,* the plaintiff contended its failure to appear before the Detroit Board of Review was excusable because of alleged collusion between the board of review and the assessors. The Michigan Supreme Court held that plaintiff had shown no legal excuse for not appearing before the Detroit Board of Review. On page 247 [65 NW at 101] of its Opinion, the Court stated:

" 'It is unnecessary to cite the numerous authorities

of this court to the proposition that boards of review
are the proper tribunals for the correction of unjust
assessments, and that parties will not be heard in the
courts until they have exhausted their remedy before
these tribunals.'

See also: *Crawford v Koch,* 196 *[sic* (169)] Mich 372 [135
NW 339] (1912), *Hinds v Twp of Belvedere,* 107 Mich
664 [65 NW 544] (1895), *Traverse Beach Association v
Twp of Elwood,* 142 Mich 297 [105 NW 768] (1905).

"A more recent case on point is *Jack W Hutson v
City of Royal Oak,* 28 Mich App 393 [184 NW2d 558]
(1970). In the *Hutson* case, the plaintiff alleged con-
structive fraud by the City of Royal Oak for its failure
to assess owners of household goods with an aggregate
valuation exceeding $5,000 while consistently assessing
personal property of business and professional individu-
als. The plaintiff failed to appear before the Royal Oak
Board of Review. At the trial, the City of Royal Oak
moved for summary judgment on the grounds that the
plaintiff had failed to exhause *[sic]* his administrative
remedies. The trial judge denied the motion. The Michi-
gan Court of Appeals reversed the order of the lower
court, stating at page 395 [184 NW2d 559–560] as
follows:

" 'We are bound by the doctrine of *stare decisis.* It is
this general rule that before one is entitled to sue for
taxes paid under protest, he must show he has followed
the proper procedural steps, such as application to the
board of review. *Michigan Savings Bank v City of
Detroit,* 107 Mich 246 [65 NW 101] (1895). It is clear
that before resorting to the courts to recover taxes on
the theory that property of another was fraudulently
omitted from the tax roll or undervalued, the taxpayer
should exhaust the remedies given him by the law.
*Fletcher Paper Co v City of Alpena,* 172 Mich 35 [137
NW 640] (1912). The basis of exhaustion of administra-
tive remedies is the presumption that the administra-
tive agency, if given a chance to pass upon the matter,
will decide correctly and will not fail in the perform-
ance of its duty.'

"The above cited cases dealt with taxpayers who paid
their taxes under protest and then sued for refunds in
Circuit Court. The Michigan Tax Tribunal Act (1973 PA

186, MCLA 205.701, *et seq.;* MSA 7.650(1), *et seq.)* has removed jurisdiction of these property tax cases from the Circuit Courts to the Tribunal.

" 'A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in section 31, shall proceed only before the tribunal.' [MCLA 205.741; MSA 7.650(41)]

"This Tribunal must acquire jurisdiction pursuant to § 35 of the Tax Tribunal Act, *supra,* page 3. Section 35 preserves and perpetuates the long line of Michigan cases which have held that before a taxpayer is entitled to protest his property tax assessment, he must have followed the proper procedural steps, *i.e.,* appear before the board of review.

"Petitioner argues, reinforced at oral argument, that the U.S. Constitutional rights of immunity from taxation causes the tax to be void and illegal and therefore absolves the need to exhaust administrative relief before seeking redress in the courts. This argument, assuming it to be true, was laid to rest in *Price Paper Corp v City of Detroit,* 42 Mich App 488, 491 [202 NW2d 523, 525] (1972) where a taxpayer was denied refund on taxes paid on immune property because it had not followed proper procedural prerequisites; in that case the timely protest and filing of suit. The Court's ruling, equally applicable herein, was:

" 'Plaintiff urges that payments constitutionally void must be repaid irrespective of compliance with the statute of limitations. We disagree. The provision of the Federal Constitution prohibiting state taxation of imports is not self-executing. Plaintiff's failure to exercise the existing statutory remedy within the prescribed time limit does not deny the constitutional tax exemption on imports. It does, however, foreclose further assertion of the exemption in the courts. Even in the case of an illegal tax, failure to bring suit within 30 days after payment arts as a complete bar to recovery.'

"In conclusion, § 31 of the Tax Tribunal Act extends the Tribunal's jurisdiction to, among other matters,

'assessment' and 'valuation' matters and 'proceedings for refund or redetermination of a tax.' In the instant case, whether the action is called an 'assessment appeal' or a 'refund or redetermination of a tax,' under the general property tax laws, prior exhaustion of administrative remedies is required."

We believe that the above opinion of the Michigan Tax Tribunal adequately deals with all of the material issues of any substance in this case. However, plaintiff contends that the above opinion is invalid because of the recent case of *Interstate Steel Corp v Detroit,* 59 Mich App 438; 229 NW2d 491 (1975). We disagree with plaintiff. In the first place, the plaintiff in *Interstate* did not file a sworn personal property tax assessment form as did plaintiff in this case. As noted, plaintiff did not avail itself of the opportunity provided by that form to claim the immunity from taxation which it now claims it was unconstitutionally deprived of. Secondly, plaintiff in *Interstate* paid the tax under protest and filed for a refund in the circuit court. A careful review of the record fails to disclose that plaintiff in the instant case paid its taxes under protest, nor did it declare that it had exempt property on the sworn personal property tax assessment form. Plaintiff did not file such a suit in circuit court for repayment of the taxes paid under protest, as did Interstate Steel Corporation, although plaintiff could have done so from the date of the August 9, 1974 payment until September 30, 1974. See MCLA 205.774; MSA 7.650(74).

The Court in *Interstate* said at p 439; 229 NW2d at 492:

"We find the trial court's reliance on *Hutson, supra,* [v City of Royal Oak, 28 Mich App 393; 184 NW2d 558

(1970)] misplaced. That case involved a claim that property of another was fraudulently omitted from the tax roll. If true, the board of review could have corrected the situation, see MCLA 211.29; MSA 7.29. Thus, the *Hutson* court held that exhaustion of administrative remedies was required."

The Court then went on to hold that the question to be resolved in the *Interstate* case was one of law, and that plaintiff had no need to proceed through administrative channels to determine the answer to that question.

In this case, the question is emphatically one of fact, and the Tax Tribunal's reliance on *Hutson, supra,* was entirely valid. The question to be resolved is not the legal one of the constitutionality of taxing imported raw steel in unbroken packages not yet committed to use or sale. Rather, the question is one of fact, and could have been answered by the board of review.

We should note that the record discloses what plaintiff may have considered a good reason for avoiding a visit from an auditor of the Hamtramck board of review. As mentioned, plaintiff filed a tax statement which listed the value of plaintiff's personal property. The value shown was based on plaintiff's average inventory for the previous 12 months. As such, it was approximately $400,000 lower than the actual value of inventory on hand as of December 31, 1973. This "average inventory method" is actually a valid and permissible method of valuation, and is provided for on the form supplied by the City of Hamtramck. However, when plaintiff brought its petition before the Tax Tribunal, plaintiff alleged that all of its inventory *as of December 31, 1973* was comprised of raw imported steel in its original unbroken packages. Of course a board of review would not have been interested in plaintiff's inventory as of December

31, 1973. Plaintiff had already made that some-what irrelevant by choosing to value its personal property utilizing the "average monthly inven-tory" method. An auditor would very likely have insisted that plaintiff offer proof as to what portion of its average inventory had consisted of claimed immune property. Whatever the value of the im-mune property would have been, it would have most certainly been below the value of December 31, 1973. December 31, 1973 was the date of the highest inventory value for the relevant 12-month period. At any rate, the Hamtramck board of review should have been given an opportunity to decide the factual questions involved.

We should here mention that we are aware of the recent case of *Michelin Tire Corp v Wages,* — US —; 96 S Ct 535; 46 L Ed 2d 495 (1976), decided January 14, during the pendency of this appeal. In *Michelin* the United States Supreme Court held that a non-discriminatory ad valorem property tax against imported goods in their original, unbroken packages is not violative of US Const, art I, § 10(2). The *Michelin* holding would thus seem to be dis-positive of this case, for it contradicts the very foundation of Imerman's argument. But, assuming, *arguendo,* that *Michelin* is not retroactive, the question in this case is still one of fact, *i.e.,* "is the property in question the type of property entitled to immunity from taxation?" The Hamtramck board of review could have answered this question and corrected the situation if it was justified. They should have been given the opportunity to do so.

Therefore, the Tax Tribunal was correct in granting defendants' motions for accelerated judg-ment, dismissing the petition and affirming the assessment on the ground that plaintiff failed to exhaust its administrative remedies.

Affirmed.