SZYMANSKI v CITY OF WESTLAND

Docket No. 69305. Argued October 4, 1983 (Calendar No. 4).—Decided
    December 28, 1984. Released January 15, 1985.

Gerald C. Szymanski and nine other landowners in the City of
    Westland, as representatives of a class of 524 landowners in the
    city, petitioned the Tax Tribunal, alleging that special assess-
    ments imposed on their properties for paving streets which
    abut the properties were unconstitutional because the values of
    the properties would not be enhanced by the paving. The
    tribunal granted the city's motion to dismiss the petition on the
    ground that because the petitioners failed to file a petition
    within thirty days after the final confirmation of the assess-
    ments, it lacked jurisdiction to entertain the petition. The
    Court of Appeals, N. J. Kaufman, P. J., and J. H. Gillis and
    V. J. Brennan, JJ., granted the respondent's motion to affirm
    the decision of the tribunal (Docket No. 58136). The petitioners
    appeal.

    In an opinion by Justice Ryan, joined by Chief Justice Wil-
    liams and Justices Brickley, Cavanagh, and Boyle, the Supreme
    Court *held:*

    Because the petitioner failed to file a petition with the Tax
    Tribunal within the thirty-day period provided by the Tax
    Tribunal Act, and because they point to no other applicable
    provision granting them a longer period of time to do so, on the
    basis of the plain language of the act and the rule announced
    in *Wikman v Novi,* 413 Mich 617 (1982), that the thirty-day
    limit applies where, as in this case, a specific provision for a
    longer period of limitation does not exist, the Tax Tribunal was
    without jurisdiction to consider the plaintiffs' petition and
    therefore correctly dismissed it.

    Affirmed.

    Justice Levin, joined by Justice Kavanagh, dissenting, stated
    that the petitioners acted with adequate promptness in filing
    their petition. The content of the notice of assessment given to
    the petitioners was not reasonably calculated to inform them of
    the need to act and did not comport with the requirements of
    due process.

*William E. Matz* for the petitioners.

*Miller, Canfield, Paddock & Stone* (by *Carl H. von Ende* and *Marjory G. Basile*) for the respondent.

RYAN, J. On March 19, 1981, nine plaintiffs, claiming to be representatives of a class of 524 landowners, filed a petition in the Tax Tribunal alleging that a special assessment imposed on their properties for the purpose of paving the streets abutting their properties was unconstitutional because the value of their properties would not be enhanced by the asphalt paving. On April 20, 1981, the defendant moved to dismiss the plaintiffs' petition on the ground that the Tax Tribunal lacked jurisdiction over the subject matter of the petition by reason of the operation of the 30-day limitation found in MCL 205.735(2); MSA 7.650(35)(2). That statute provided:

"The jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which he seeks to review or within 30 days after the receipt of a bill for a tax he seeks to contest. The unit of government shall be named as respondent. Service of the petition on the respondent shall be by certified mail."[1]

The "final decision, ruling, determination or order" of which the petitioners seek review in the Tax Tribunal is the "confirmation" of the special assessment rolls for the several paving districts in which the plaintiffs are interested. Plaintiffs did not file their petition in the Tax Tribunal, thus invoking its jurisdiction, until March 19, 1981, 195 days after the last final confirmation of the assessment rolls involved in this case.

---

[1] This provision has since been modified by 1983 PA 163.

Defendant's motion was accompanied by the affidavit of defendant's city clerk which stated that the special assessment rolls were not finally confirmed until after notice of the several assessments were published, posted, and sent by first-class mail to all affected property owners pursuant to the Westland City Code, and after public hearings regarding the assessments were conducted.

On May 13, 1981, the plaintiffs responded to the defendant's motion by conceding that their petition was not filed in the Tax Tribunal within 30 days after the final confirmation of the assessments, as required by MCL 205.735(2); MSA 7.650(35)(2), but maintained that the Tax Tribunal nevertheless should take jurisdiction of the matter because it was the plaintiffs' claim that the assessments constituted an unconstitutional taking of their property without just compensation. The Tax Tribunal, concluding that the 30-day requirement of MCL 205.735(2); MSA 7.650(35)(2) is a limitation upon its jurisdiction to entertain the plaintiffs' petition, granted defendant's motion to dismiss. On appeal, the Court of Appeals granted the defendant's motion to affirm.

Before this Court, the plaintiffs continue to argue that the 30-day rule found in MCL 205.735(2); MSA 7.650(35)(2) is not applicable to them because of the soundness of their claim on the merits. Of course, simply because the plaintiffs' underlying claim has a constitutional dimension, and may even be meritorious, it does not excuse the plaintiffs' failure to assert their claim within the applicable statutory period of limitation. See *Price Paper Corp v Detroit,* 42 Mich App 488, 491; 202 NW2d 523 (1972).

In *Wikman v Novi,* 413 Mich 617, 651; 322 NW2d 103 (1982), this Court reviewed § 35 of the Tax Tribunal Act, concluding that the 30-day filing

limit of that section is not necessarily controlling in every case. We stated:

"Although MCL 205.735; MSA 7.650(35) provides that the tribunal's jurisdiction shall be invoked by a timely filing, the statute does not state the consequences of failing to file a timely petition. It does not contain any language prohibiting the tribunal from exercising jurisdiction in cases filed later than 30 days after a final ruling or receipt of a tax bill. It contains none of the prohibitive language normally present in statutory limitations. In this respect, MCL 205.735; MSA 7.650(35) is not free from ambiguity."

We went on to hold that the 30-day limit applies only when "a specific provision providing a longer period of limitation does not exist."[2] *Wikman, supra,* p 653.

The plaintiffs have pointed to no provision containing a longer period of limitations than that found in the Tax Tribunal Act. The Westland City Charter, § 14.11, provides:

"Except and unless notice is given to the Council in writing of an intention to contest or enjoin the collection of any special assessment for the construction of any pavement, sewer, or other public improvement, the construction of any sidewalk, or the removal or abatement of any public hazard or nuisance, within thirty (30) days after the date of the meeting of the Council at which it is finally determined to proceed with the making of the improvement in question, which notice shall state the grounds on which the proceedings are to be contested, no suit or action of any kind shall be instituted or maintained for the purpose of contesting or enjoining the collection of such special assessments."

Section 29-192 of the Westland Ordinance Code is identical to the above charter provision.

---

[2] In *Wikman,* the specifically applicable longer period of limitation was 60 days as provided in the Charter of the City of Novi, § 11.4, and the Novi City Ordinance, No. 69-01, § 26.01.

Since the plaintiffs have failed to file a petition with the Tax Tribunal within the 30-day period provided by the Tax Tribunal Act, and since they point to no other applicable provision granting them a longer period of time to do so, we conclude, on the basis of the plain language of § 35 and the rule announced in *Wikman*, that the Tax Tribunal was without jurisdiction to consider the plaintiffs' petition and therefore correctly dismissed it.

Affirmed.[3]

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RYAN, J.

LEVIN, J. *(dissenting).* Plaintiffs filed a petition in the Tax Tribunal alleging that a special street paving assessment levied on their properties was unconstitutional because the paving would not confer a special benefit. Because the plaintiffs filed the petition more than 30 days after the "confirmation of the assessment rolls," the Tax Tribunal held, on the basis of MCL 205.735(2); MSA 7.650(35)(2), that it did not have jurisdiction. The Court of Appeals affirmed.

This Court affirms stating that because the plaintiffs can point to "no other applicable provision granting them a longer period of time," the 30-day deadline bars the proceeding.

We conclude that the content of the notice given to plaintiffs was not reasonably calculated to inform them of the need to act, and did not comport with the requirements of the Due Process Clause. The city did not notify the plaintiffs personally of the estimated amounts of their assessments, and the published notice of confirmation did not inform the plaintiffs that they had only 30 days to appeal.

[3] It should be noted that the plaintiffs do not challenge the adequacies of the notices they received.

Due process is a flexible concept. The "timing and content" of required notice "depend on appropriate accommodation of the competing interests involved."[1] Because special assessments are, as the term implies, exceptional, a high standard of notice is required. The notice should fairly apprise the property owner of readily available information that might influence his decision whether to contest the assessment. Here, although the city had available cost estimates on a frontage basis, the notices did not inform the plaintiffs of the estimated amounts of the proposed special assessments. Property owners who might have been energized to act had they known of the amounts of the potential liabilities, may have ignored the somewhat uninformative letter they received. As the court stated in *Atkins v Kessler,* 97 Cal App 3d 784; 159 Cal Rptr 231, 236 (1979):

"Not all of the property owners affected by the street improvement are necessarily familiar with the method of assessment and financing for such improvements. It is not reasonable to expect that all of the property owners will understand notices of special assessment * * * *the forms of notice are such that they can be easily misunderstood or perhaps carelessly but in good faith ignored.* * * * This warrants a more adequate form of notice." (Emphasis supplied.)

In *Atkins,* the court found that notice of foreclosure was inadequate because it did not state the amount involved.

The notice to the plaintiff property owners was not reasonably calculated to inform them of the exposure they faced and was not much more than a "mere gesture."[2] Because the city could have

---

[1] *Goss v Lopez,* 419 US 565, 579; 95 S Ct 729; 42 L Ed 2d 725 (1975).

[2] *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 315; 70 S Ct 652; 94 L Ed 865 (1950).

provided estimated cost information with little or no additional effort, and because such information might have influenced the decision of property owners whether to protest or not, the absence of such information renders the notice violative of the Due Process Clause.

The city did not mail to property owners notice of the final confirmation of the assessment rolls. Notice was published once in a local newspaper, under the heading "City of Westland; Meeting No. 35 - 7/7/80." The notice stated: "487 thru 491: Adopted Resolution No. 6 for paving districts 80-P-26, 27, 29, 30 & 32." This "notice" did not state the effect of the adoption of the resolution. Property owners were not informed that they had less than 30 days[3] to protest the assessment.[4]

We conclude that the procedures followed by the City of Westland did not comport with the requirements of the Due Process Clause, and that the plaintiffs acted with adequate promptness in filing their petition.[5]

KAVANAGH, J., concurred with LEVIN, J.

[3] The rolls were confirmed, thus commencing the 30-day period, on July 7, 1980, but publication apparently did not occur until July 17, 1980.

[4] For reasons stated in dissent in *Wikman v Novi*, 413 Mich 617, 696, fn 88; 322 NW2d 103 (1982) (LEVIN, J.), the Tax Tribunal Act, providing that proceedings shall be commenced within 30 days after the final decision, ruling, determination or order, MCL 205.735; MSA 7.650(35), conferred on the Tax Tribunal authority to review the levy of state taxes and was not meant to confer authority to review a special assessment by a city.

[5] Plaintiffs filed their petition on March 19, 1981.