MALBURG v CITY OF STERLING HEIGHTS (ON REMAND)

Docket No. 85851. Submitted April 15, 1986, at Detroit. Decided June 16, 1986.

Plaintiffs, Albert Malburg and other owners of property along Schoenherr Road in the City of Sterling Heights, filed suit in the Macomb Circuit Court seeking injunctive relief from a special assessment for paving and widening Schoenherr Road. On the same day that plaintiffs filed their complaint, the court, Robert J. Chrzanowski, J., issued an ex parte temporary restraining order against the city, restraining the city from levying the special assessment against plaintiffs' property and ordering the city to show cause why a preliminary injunction should not issue. The city council, in light of plaintiffs' action, reconsidered and indefinitely postponed the special assessment. Pursuant to a stipulation by the parties, the circuit court subsequently entered an order: (1) dissolving the temporary restraining order, (2) requiring the city to give plaintiffs notice of any meeting to reconsider the special assessment, (3) holding in abeyance plaintiffs' request for a preliminary injunction, (4) instructing the parties to arrange for the deposition of the city's deputy planning commissioner, and (5) scheduling the case for an early pretrial and trial. The city council eventually confirmed revised special assessment, and work on Schoenherr Road commenced. Thereafter, almost a year and a half after the revised special assessment was confirmed, plaintiffs moved to amend their complaint to create a class action joining other affected property owners and to plead additional facts relating to the revised special assessment. The city opposed the motion and moved for accelerated judgment on the grounds that the circuit court lacked subject-matter jurisdiction and that plaintiffs' amended complaint stated a new cause of action which was barred by the statute of limitations. The circuit

REFERENCES

Am Jur 2d, Pleading § 337.

Am Jur 2d, Special or Local Assessments §§ 146, 152, 154, 157 et seq.

Am Jur 2d, State and Local Taxation § 787.

See the annotations in the ALR3d/4th Quick Index under Amendment of Pleadings; Special Assessments.

court denied plaintiffs' motion and granted the city's motion for accelerated judgment against those whom plaintiffs had attempted to join as parties to the class action. Plaintiffs sought leave to appeal to the Court of Appeals and the city cross-appealed. The Court of Appeals granted leave to appeal and in an unpublished order peremptorily reversed the circuit court's ruling and held that the circuit court lacked subject-matter jurisdiction over special assessment questions. The Court of Appeals also allowed plaintiffs an opportunity to file a petition with the Tax Tribunal within thirty days of its order and ordered the Tax Tribunal to waive its thirty-day period of limitations. Both parties sought leave to appeal to the Supreme Court. Plaintiffs also filed a petition in the Tax Tribunal. The Supreme Court denied plaintiffs' application for leave to appeal and held in abeyance its decision on the city's application. The Supreme Court eventually issued an order which, in lieu of granting leave, vacated the Court of Appeals order and remanded the case for consideration of whether plaintiffs' action might have been timely filed under a provision of the city charter. 418 Mich 888 (1983). The Supreme Court further ordered the Court of Appeals not to direct the Tax Tribunal to waive any expiration of the thirty-day filing rule, MCL 205.735(3), unless the Court of Appeals finds that the running of an applicable limitation period has been tolled. On remand, the Court of Appeals *held:*

1. The Supreme Court's order did not affect the Court of Appeals' prior ruling that the circuit court lacked subject-matter jurisdiction over a dispute regarding a special assessment. The Tax Tribunal has exclusive jurisdiction over such disputes.

2. Plaintiffs' action in the circuit court was timely filed under the provisions of the city charter. Therefore, under the rule announced by the Supreme Court in *Wikman v Novi,* 413 Mich 617 (1982), the limitations period was tolled and plaintiffs may challenge the special assessment in the Tax Tribunal.

3. Plaintiffs were either entitled to file an amended complaint as of right because the city failed to file a responsive pleading or leave to amend to reflect the changed facts should have been granted by the circuit court. Moreover, plaintiffs were entitled to have their amended complaint relate back to the date of their original pleading because the claims raised in their amended pleading arose out of the same conduct, transaction, or occurrence as set forth in their original pleading.

Remanded to the Tax Tribunal for further proceedings.

1. TAXATION — TAX TRIBUNAL — JURISDICTION — SPECIAL ASSESS-
   MENTS.

The Tax Tribunal has exclusive and original jurisdiction for

direct review of decisions relating to special assessments levied by local governments.

2. TAXATION — TAX TRIBUNAL — JURISDICTION — LIMITATION OF ACTIONS.

The provisions of the Tax Tribunal Act requiring a plaintiff property owner who contests a special assessment to file a petition within thirty days of a local government's final decision, ruling, or determination regarding the special assessment in order to invoke the jurisdiction of the Tax Tribunal only applies in cases in which a specific provision providing a longer period of limitations does not exist (MCL 205.735; MSA 7.650[35]).

3. TAXATION — TAX TRIBUNAL — JURISDICTION — LIMITATION OF ACTIONS.

An action by a plaintiff property owner contesting a special assessment by a municipality is not barred by the thirty-day period of limitation in the Tax Tribunal Act where he timely files an action in circuit court for injunctive relief and serves notice on the municipality, as required by the municipality's charter, of his intention to challenge the special assessment; the running of the period of limitations is tolled when jurisdiction over defendant municipality is acquired in the circuit court; therefore, on appeal to the Court of Appeals, the Court may remand the case to the Tax Tribunal (MCL 205.735; MSA 7.760[3]).

4. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

An amendment of a pleading relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading (MCR 2.118[D]).

*Bender & Thompson, P.C.* (by *Peter J. Bender*), for plaintiffs.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Neil J. Lehto*), for defendant.

## ON REMAND

Before: M. J. KELLY, P.J., and SHEPHERD and C. W. SIMON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

SHEPHERD, J. This case is before this Court on remand pursuant to an order of the Supreme Court. *Malburg v Sterling Heights,* 422 Mich 925 (1985). We find that plaintiffs' complaint was timely filed in the circuit court and the limitation period tolled in the Tax Tribunal. Accordingly, the case is remanded for further proceedings in the Tax Tribunal.

I

Plaintiffs, owners of property along Schoenherr Road in the City of Sterling Heights, brought an action against the city, seeking injunctive relief from a special assessment for paving and widening Schoenherr Road which was confirmed by defendant's city council on July 6, 1976. Plaintiffs were to pay $145,314.71 as a result of the special assessment. The complaint, filed in circuit court on August 4, 1976, alleged that: (1) the special assessment was invalid because defendant did not have title or an easement to their property, (2) the special assessment was illegal because defendant's agents had rezoned plaintiffs' property from residential to commercial in order to be able to impose a special assessment upon it, and (3) the special assessment was invalid because plaintiffs' property was not benefitted by the improvements. Plaintiffs requested that the circuit court enjoin defendant from collecting the special assessment and declare the special assessment void. That same day, the circuit court issued an ex parte temporary restraining order against defendant, restraining it from levying the special assessment against plaintiffs' property and ordering defendant to show cause why a preliminary injunction should not issue. The complaint prompted defendant's city

council that evening to reconsider and postpone indefinitely the special assessment.

On August 23, 1976, pursuant to stipulation of the parties, the circuit court ordered: (1) the temporary restraining order dissolved, (2) that defendant give plaintiffs notice of any meeting to reconsider the assessment, (3) that the "request for a preliminary injunction be held in abeyance to be considered at such time as may be necessary," (4) that the parties arrange for the deposition of Richard Schoenherr, and (5) that the "case be scheduled . . . for an early Pre-Trial and Trial." Shortly thereafter plaintiffs deposed Schoenherr, defendant's deputy planning commissioner. The following spring, on April 19, 1977, defendant's city council reconfirmed a revised special assessment on the assessment district. Under the assessment plaintiffs were required to pay $59,516.28. Plaintiffs deposed Eugene Betzold in connection with their circuit court suit on October 26, 1977. On December 15, 1977, work was substantially completed on Schoenherr Road.

On September 28, 1978, almost a year and a half after the revised special assessment was confirmed, plaintiffs sought to amend their complaint to create a class action joining other affected property owners and to add facts pertaining to the revised special assessments. Defendant opposed the motion and moved for accelerated judgment on the grounds that the circuit court lacked subject-matter jurisdiction and that, in any event, plaintiffs' amended complaint stated a new cause of action, which was barred by the statute of limitations. The court denied plaintiffs' motion to amend their complaint and granted defendant's motion for accelerated judgment against those whom plaintiffs had attempted to join as parties to the class action.

In plaintiffs' appeal by leave granted and defendant's cross-appeal, this Court peremptorily reversed the circuit court's decision and held that the circuit court lacked subject-matter jurisdiction over special assessment questions. This Court also allowed plaintiffs an opportunity to file their complaint with the Tax Tribunal within thirty days of its order and ordered the Tax Tribunal to waive its thirty-day period of limitations.

Both parties sought leave to appeal to the Michigan Supreme Court. Plaintiffs also filed an action in the Tax Tribunal pursuant to this Court's order. On December 28, 1983, the Michigan Supreme Court denied plaintiffs' request for leave to appeal. *Malburg v Sterling Heights,* 418 Mich 888 (1983). On that same date, the Court held in abeyance its decision on defendant's application for leave to appeal, pending its decisions in *Szymanski v City of Westland* and *Eyde v Charter Twp of Lansing.* Then, on June 24, 1985, the Michigan Supreme Court issued the following order:

> Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, the May 19, 1983 order of the Court of Appeals is vacated and the case is remanded to that Court for consideration of whether the action might have been timely filed under § 12.12 of defendant's city charter in light of the confirmation of the revised special assessment districts on April 19, 1977. On remand, the Court of Appeals shall not direct the Tax Tribunal to waive any expiration of the thirty-day filing rule set forth in MCL 205.735(3); MSA 7.650(35)(3) unless that Court finds that the running of an applicable limitation period has been tolled under the principles applied in *Wikman v City of Novi,* 413 Mich 617, 653-654 [322 NW2d 103] (1982). Juridiction is not retained. [*Malburg, supra,* 422 Mich 925.]

II

Several holdings in *Wikman* are relevant in this case. First, the Supreme Court held that the Tax Tribunal has exclusive jurisdiction over cases in which a plaintiff seeks review of a special assessment. 413 Mich 646. Our prior ruling in this case that the circuit court lacked subject-matter jurisdiction over the present dispute was not affected by the Supreme Court's order and is thus the law of the case. It also appears that, under *Wikman,* our prior ruling was correct. Second, the Supreme Court in *Wikman* reviewed § 35 of the Tax Tribunal Act, MCL 205.735; MSA 7.650(35), and concluded that its thirty-day filing limit applies only when "a specific provision providing a longer period of limitation does not exist." 413 Mich 653; *Szymanski v Westland,* 420 Mich 301, 304; 362 NW2d 224 (1984). In *Wikman,* the Novi City Charter's sixty-day limitation provided such an applicable longer limitation period. Finally, the Court held that although timely filing in the circuit court was not sufficient to invoke the jurisdiction of the Tax Tribunal, it nevertheless tolled the applicable statute of limitations.

> The timely filing in the circuit court was not sufficient to invoke the jurisdiction of the Tax Tribunal. However, through this action, the circuit court acquired jurisdiction over defendants. MCL 600.5856; MSA 27A.5856 provides that the statute of limitations is tolled whenever jurisdiction over the defendant was otherwise acquired. Because the period of limitations was tolled and did not expire during the pendency of this suit, MCL 205.735; MSA 7.650(35) did not remove this proceeding from the jurisdiction of the Tax Tribunal. The Court of Appeals did not err in ordering that this case be remanded to the Tax Tribunal pursuant to

GCR 1963, 820.1(7). [Footnotes omitted. 413 Mich 654.]

In this remand from the Supreme Court we are directed to determine whether plaintiffs' action in the circuit court was timely filed under § 12.12 of the defendant's city charter "in light of the confirmation of the revised special assessment districts on April 19, 1977." This is the critical question. If plaintiffs' action in the circuit court was timely, the limitations period was tolled under *Wikman* and plaintiffs may challenge the special assessment in the Tax Tribunal. If the circuit court action was not timely, the Tax Tribunal is without jurisdiction to consider plaintiffs' petition.

Sterling Heights Charter, ch XII, § 12.12 provides in pertinent part:

> Except and unless notice is given to the council in writing of an intention to contest . . . any special assessment . . . within thirty (30) days after the date of the meeting of council at which it is finally determined to proceed with the making of the improvement in question, . . . no suit or action of any kind shall be instituted or maintained for the purpose of contesting or enjoining the collection of such special assessments.

As noted above, plaintiffs' original complaint and the circuit court's order to show cause and an ex parte temporary restraining order were filed on August 4, 1976. These documents were sufficient to put defendant's city council on notice that plaintiffs would challenge the city council's confirmation of July 6, 1976. However, the problem in this case arises because defendant's city council, after receiving plaintiffs' complaint, reconsidered its decision to confirm the special assessment and thereafter indefinitely postponed confirming the special

assessment. The parties then held further action on the circuit court complaint in abeyance pending further action by the city council. That action came in the form of the revised special assessment confirmed on April 19, 1977. However, plaintiffs did not seek to amend their complaint to reflect the intervening action by the city council until almost a year and a half later. The questions then are whether § 12.12 sets only an outside limit on the giving of notice and whether the complaint was sufficient to give notice under § 12.12 of plaintiffs' intention to contest the subsequent revised special assessment. We answer both questions affirmatively. In reaching this result, we are aided by the following rule of construction:

> Statutory provisions establishing remedies so that the taxpayer may recover taxes unjustly collected have generally been liberally construed. This applies to proceedings for abatement and refund of taxes, statutory procedure for setting aside assessments, moratorium laws providing for remission of penalties and extending the time for paying taxes, and provisions allowing judicial review. [Footnotes omitted. 3 Sutherland, Statutory Construction (4th ed), § 66.07, p 202.]

We agree with plaintiffs that § 12.12 appears to set only an outside limit upon giving defendant's city council written notice of an intent to contest an assessment. In any event, it is at least ambiguous as to whether notice given before the final confirmation is sufficient and thus should be construed in favor of the taxpayer.

We further conclude that under the circumstances of this case the filing of the complaint and subsequent actions of the parties put defendant on notice of plaintiffs' intent to contest the revised assessment. Plaintiffs promptly commenced suit

when defendant initially confirmed the special assessment. They claimed that defendant lacked the authority to impose a special assessment on their property. After the city council reconsidered the assessment, the parties stipulated to hold the circuit court action in abeyance pending further action by the city council on the assessment. (The complaint was not dismissed and, in fact, the stipulation anticipated the possibility of a later trial.) That action came on April 19, 1977, when the city council confirmed a revised special assessment on plaintiffs' property to fund the same project. Plaintiffs claim that their attorney objected to the revised assessment at that meeting. Even after the council's earlier tabling of the assessment, plaintiffs demonstrated their intent to challenge a future special assessment by deposing two witnesses. One was deposed before the confirmation of the revised assessment and one after. In light of the continuation of the circuit court action even after the city council's nullification of the initial special assessment, we conclude that defendant received notice of plaintiffs' intent to contest the revised special assessment under § 12.12.

We further conclude that plaintiffs were either entitled to file an amended complaint as of right because defendant failed to file a responsive pleading in this action, MCR 2.118(A)(1), or leave to amend to reflect the changed facts should have been granted by the circuit court under MCR 2.118(A)(2). See also *LaBar v Cooper,* 376 Mich 401; 137 NW2d 136 (1965). Moreover, plaintiffs are entitled to have their amended complaint relate back to the date of their original pleading because the claims raised in their amended pleading arose out of the same conduct, transaction or occurrence as set forth in their original pleading. MCR 2.118(D). Defendant's argument that the amend-

ment raises a new claim and thus may not relate back is based on law which is no longer valid. Under the Michigan Court Rules "[i]t is . . . beside the point that the amendment introduces new facts, a new theory, or even a different cause of action, so long as it springs from the same transactional setting as that pleaded originally." *LaBar, supra,* p 406, quoting 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 416. Thus, since plaintiffs' complaint was timely filed under § 12.12, the statute of limitations for a petition in the Tax Tribunal is tolled under *Wikman, supra.* Accordingly, this case is remanded to the Tax Tribunal.

Remanded to the Tax Tribunal for further proceedings.