GARTNER *v.* STATE LAND OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—NATURE OF RIGHT TO MEET HIGHEST BID—STATE TITLE.

The right of a former owner to meet the highest bid at so-called scavenger sale of land to which the State had acquired title because of nonpayment of taxes is not a condition upon which the State acquired title absolute to the lands in question but is only a right contingent upon the sale being made (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

2. SAME—SCAVENGER SALE—PERSONS ENTITLED TO MEET HIGHEST BID.

The right to meet the highest bid at so-called scavenger sale of land to which the State had acquired title because of non-payment of taxes is limited to parties having an interest in the land sold at the tax sale when the State bid in the property (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

3. SAME—SCAVENGER SALE—MEETING HIGHEST BID.

So-called trust agreement whereby purchaser of vendee interest in land contract held such contract and vendee's quitclaim deed to such purchaser as trustee for vendee until remaining $50 was fully paid to vendee merely constituted evidence that purchaser owed vendee such sum and divested such vendee of all interest in the land, hence, where such transaction took place after State had acquired absolute title to the premises because of nonpayment of taxes, neither party to the transaction was entitled to meet the highest bid at the scavenger sale (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

4. SAME—SCAVENGER SALE—MEETING HIGHEST BID—OWNER WHO DISPOSED OF INTEREST.

Owner of land at time of tax sale through which State acquired absolute title has no right to match bid at so-called scavenger

sale where, during time State had absolute title, such owner had disposed of all interest in the property (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

5. Same—Scavenger Sale—Deeds—Possession—Accounting as to Rent.

Parties entitled to deed from State land office board pursuant to highest bid made at so-called scavenger sale are entitled to an accounting for the rental value of the premises from time they became entitled to the deed until they gain possession of the premises (Act No. 155, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 9, 1943. (Docket No. 39, Calendar No. 42,320.) Decided May 18, 1943.

Bill by John Gartner and wife against State Land Office Board and Stephen Kiernicki for declaratory decree determining plaintiffs' right to deed after scavenger sale. Cross bill by defendant Kiernicki against plaintiffs and State Land Office Board to require execution of land contract and for a declaratory decree. Decree for defendant on cross bill of complaint. Plaintiffs appeal. Reversed.

*George O. Hansen* and *Clement J. Waldmann,* for plaintiffs.

*Lucking, Van Auken, Schumann & Greiner,* for defendant Kiernicki.

Sharpe, J. This is a suit in chancery for a declaratory decree finding and determining that plaintiffs as successful bidders at a scavenger sale are entitled to a deed from the State land office board.

On May 3, 1938, the property involved in this suit was sold at tax sale to the State; and pursuant to the

applicable statute, * the State acquired title to the property on November 3, 1939.  On March 18, 1941, the property was sold by the State land office board and plaintiffs were the successful bidders, paying the sum of $350 which was the amount of their bid. They were issued a certificate containing the provision that "if such highest bid is not met by an 'owner' having priority as defined in said act said highest bidder shall be entitled to receive a quitclaim deed  *  *  *  executed in behalf of the State of Michigan by the State land office board."  Within 30 days after the sale to plaintiffs, Stephen Kiernicki offered to match the bid.  Hearings were held by the arbitration committee of the board for the purpose of determining whether Stephen Kiernicki was entitled to match the bid made by plaintiffs at the scavenger sale held March 18, 1941. The board determined that Stephen Kiernicki was entitled to match the bid.  Whereupon, plaintiffs filed a bill of complaint in the circuit court of Wayne county for a declaratory decree determining that plaintiffs are entitled to a deed of the premises from the State land office board.

Defendant Stephen Kiernicki filed a cross bill and asked that a declaratory decree be entered determining that he is the owner of the premises, individually and as agent and trustee of Anna Palczynski. At the hearing before the arbitration committee of the State land office board and before the trial court, defendant Kiernicki claimed the right to meet the bid of plaintiffs because the property was sold by the Union Guardian Trust Company on land contract to H. J. York in 1916, and in 1924 York sold on subcontract to Jacob Palczynski and Anna

---

* See 1 Comp. Laws 1929, § 3459, as amended by Act No. 114, Pub. Acts 1937 (Stat. Ann. 1938 Cum. Supp. § 7.112); § 3467, as amended by Act No. 325, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 3467, Stat. Ann. 1938 Cum. Supp. § 7.120).—REPORTER.

Palczynski, his wife. Jacob Palczynski died in 1931; at this time, the unpaid balance of the purchase price of $4,000 was the sum of $1,900. Since her husband's death, Anna Palczynski has made no payments on the contract, nor has she paid any taxes on the property.

On February 7, 1941, Stephen Kiernicki entered into an agreement with Anna Palczynski whereby he received from her a quitclaim deed of the property and an assignment of her land contract.

The following "trust agreement" was entered into:

"It is hereby mutually agreed by and between Anna Palczynski party of the first part and Stephen Kiernicki, party of the second part and for a valuable consideration moving between said parties that whereas the party of the first part is the owner of the land and premises situated in the city of Detroit, county of Wayne and State of Michigan and more particularly described as follows: Lots numbered 114 and 115 of the Leland-Dodge Subdivision of fractional section 28, town 1 south, range 12 east, according to the plat thereof recorded in the office of the register of deeds for said county of Wayne and whereas said first party has this day executed a quitclaim deed and also has assigned to said second party a certain land contract for the purchase of said premises from one Harry J. York and in consideration thereof and whereas it is mutually agreed by and between said parties that said first party has and shall have a remaining interest in said land and premises by reason of an unpaid balance of $50 owing to said first party by said second party for the purchase of said premises and whereas it is agreed by and between said parties that said second party takes and receives said deed and assignment of land contract as trustee for said first party until said remaining sum of $50 is fully paid, and whereas said first party hereby authorizes and directs said second party to appear for and in behalf of said

first party at any auction sale or otherwise of said land and premises for delinquent and or unpaid taxes to be made and offered and effected by the State land office board under authority of Act No. 155, Pub. Acts 1937, as amended, and to bid at such sale in the name of said second party and or to match the bid of any other person in his own name or in the name of said first party, under said act, but in any event as agent and trustee for said first party until this agreement is fully performed by the payment of the balance of said purchase price aforesaid after which this agreement shall become fully executed and null and void.

"It is further agreed that this agreement shall be binding on the heirs, legal representatives and assigns of the respective parties hereto.

"In witness whereof the parties hereto have hereunto set their hands and seal this 7th day of February, A. D. 1941.

"ANNA PALCZYNSKI (Seal)"

"Witnesses        "STEPHEN KIERNICKI (Seal)"

The trial court filed an opinion and found as a fact that on the date of the tax sale, May, 1938, Anna Palczynski had an interest in the real estate as sole surviving vendee on a land contract; that on April 10, 1941, Anna Palczynski was an owner of the premises having priority as defined in Act No. 155, Pub. Acts 1937, as amended; that while on April 10, 1941, Stephen Kiernicki made the application for purchase of the lands in his own name, he was acting as agent of Anna Palczynski pursuant to the above trust agreement; and that Stephen Kiernicki had the right to act as agent for Anna Palczynski. A decree was entered directing the State land office board to execute and deliver to Stephen Kiernicki as agent and trustee of Anna Palczynski its usual form of land contract covering said premises.

Plaintiffs appeal and urge that at the time of the scavenger sale, Anna Palczynski was not a "former owner;" and that Stephen Kiernicki acquired no rights, by reason of the agreement entered into, which he could exercise for himself or for Anna Palczynski.

Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957), provides that:

"Any person who, at the time of the tax sale, had any interest in any parcel of land so sold, shall have the right for a period of 30 days after such public sale as in this section provided, to meet the highest bid, by paying the amount thereof to the county treasurer."

In numerous cases we have discussed the provisions of the law pertaining to the rights of former owners of the land.

In *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich. 85, 94, we said:

"The right of plaintiff to meet the highest bid is not a condition upon which the State acquired title absolute to the lands in question. This privilege could not under any circumstances accrue to plaintiff or become a vested right in it until a sale has been made by the State to the highest bidder. It is only upon the acceptance by the State of the highest bid that the statutory right of the former owner to meet such highest bid becomes operative and permits the former owner to acquire the title in the manner provided by the statute. Until such sale, it is not a present vested right or a present interest; it is a mere contingent right which may or may not happen."

In *Redford Union Schools, District No. 1,* v. *State Land Office Board,* 297 Mich. 535, we held that the

right to meet the highest bid at the scavenger sale is limited to parties having an interest in the land at the time of ·the sale for unpaid taxes at which the State bid in the property.

In *Meltzer* v. *State Land Office Board,* 301 Mich. 541, plaintiffs filed a bill in chancery for a declaration of rights and injunctive relief regarding certain real estate in Oakland county. It appears that prior to November 29, 1939, title to the land was in F. Homer Newton and Charles H. Newton, defendants, Osmun Wigg, William Fox, and Mildred Fox, his wife. The taxes became delinquent and the property was sold at tax sale. On November 29, 1939, the State of Michigan became the owner of the title in fee. On December 5, 1939, Fox and wife attempted to convey to plaintiffs by quitclaim deed one-sixth interest in the land. At the same time, Fox and wife executed and delivered to plaintiffs an instrument purporting to assign to plaintiffs any and all rights they might have in said land, authorizing plaintiffs to redeem in their name, to bid in the land at the scavenger sale either in plaintiffs' own name or in the name of Fox and wife, or to match the bid of any other party at the sale in the name of Fox and wife. The land was sold by the State at scavenger sale on April 25, 1941, and plaintiffs bid in the land as owners in their own name and in the name of Osmun Wigg and William Fox by their agent, Edward Sugar. Within 30 days, F. Homer Newton and Charles H. Newton exercised the right to match the bid, claiming this right as persons having an interest in the land at the time of the tax sale in May, 1938. Subsequently, plaintiffs demanded a conveyance to them from the State land office board, asserting they had such a right as grantees or assignees of William Fox, a former owner. They claimed that the deed and assignment to them on

December 5, 1939, gave them an enforceable right to match the highest bid. We there said:

"This claimed assignment was obtained by plaintiffs after the title of the State became absolute and plaintiffs obtained nothing by it. The right to meet the highest bid is limited to parties having an interest in the land at the time of the tax sale."

In the case at bar, the State acquired title to the premises on November 3, 1939, and sold at the scavenger sale on March 18, 1941. After the State acquired title and on February 7, 1941, Stephen Kiernicki acquired a quitclaim deed and an assignment of the contract from Anna Palczynski. It is to be noted that on April 10, 1941, Stephen Kiernicki filed an "offer of 'owner' to meet highest bid and application for land contract." In this "offer of owner," he made oath that he was the owner of the fee. He made no mention that Anna Palczynski was in any way interested in the premises. Moreover, the so-called trust agreement contains the following: "said second party (Stephen Kiernicki) takes and receives said deed and assignment of land contract as trustee for said first party (Anna Palczynski) until said remaining sum of $50 is fully paid." It must be assumed that the purpose of the so-called trust agreement was to secure Anna Palczynski for the balance of the $50 owing her by reason of the execution of the quitclaim deed and assignment of the land contract. The trust agreement was in no sense a retention of any interest in the land by Anna Palczynski. At most it was evidence that Stephen Kiernicki owed Anna Palczynski the sum of $50, the balance of the purchase price. It follows that Stephen Kiernicki, having acquired an interest in the property subsequent to the tax sale, has no right to match the bid and Anna Palczynski, having disposed

of her interest in the property prior to such sale, may not claim the right to match the bid.

The decree of the circuit court is reversed and a decree will be entered therein determining that plaintiffs are entitled to a deed of the premises from the State land office board and an accounting for the rental value of the premises from April 17, 1941, to the date they gain possession of the same. Costs to plaintiffs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.