CAPLAN *v.* JEROME.

1. TAXATION—FORECLOSURE FOR NONPAYMENT OF TAXES—SALE TO STATE—TITLE OF OCCUPANT.
   Upon sale to the State after chancery decree upon foreclosure of lien for nonpayment of taxes, party who occupied land lost whatever title he may have had thereto.

2. SAME—ASSESSMENT IN NAME OF ONE OTHER THAN OWNER.
   A tax is not invalid because the land was assessed in the name of one other than the owner (1 Comp. Laws 1929, § 3492).

3. SAME—DECREE ON FORECLOSURE OF LIEN FOR NONPAYMENT—
ERROR IN NAME OF OWNER.

    A decree for the sale of land upon foreclosure of lien for non-
payment of taxes was not rendered void by reason of an error
in the name of the owner (1 Comp. Laws 1929, § 3492).

4. SAME—NOTICE—HEARING ON FORECLOSURE OF LIEN FOR TAXES.

    Since every owner of land is chargeable with notice that a tax
will be levied on it each year, it is no hardship to require
that such owner shall appear at the hearing in court on fore-
closure of lien for nonpayment and raise any question affect-
ing the manner of the assessment as well as the validity of
the taxes and secure such decree as in law and equity protects
his interests as owner.

5. INJUNCTION—EJECTMENT—LAND PURCHASED AT SCAVENGER SALE.

    Plaintiff who had had record title to southwest quarter of a
quarter section and had occupied it and a 3½-acre strip about
150 feet wide adjoining it and located in the northwest
quarter of same quarter section the record title to which had
been in defendant before State acquired title to both quarters
for nonpayment of taxes was not entitled to restrain defend-
ant's ejectment action in suit brought some 2½ years after
defendant had obtained his deed to the northwest quarter from
the State land office board, as it was then too late to bring
suit to attack the tax sale and deed, there being no equities
arising out of any contract in plaintiff's favor (Act No. 155,
§ 8e, Pub. Acts 1937, as added by Act No. 363, Pub. Acts
1941).

6. APPEAL AND ERROR—EJECTMENT—REAL PARTIES IN INTEREST—
QUESTIONS REVIEWABLE.

    Where plaintiff in suit to restrain ejectment action was not
entitled to any relief, question as to whether he, not being
the only party in interest, could bring suit without joining
the others is not discussed.

7. LIENS—EQUITY—REALTY NOT INVOLVED IN CASE.

    Equity cannot create a lien on real estate in a suit to restrain
an action of ejectment to secure a debt not contracted on its
credit and not charged upon it by agreement and not involved
in the litigation.

8. APPEAL AND ERROR—LIEN ON REALTY NOT INVOLVED IN CASE—
DE NOVO REVIEW—QUESTIONS REVIEWABLE.

    Lien upon plaintiff's land, imposed by decree in suit to restrain
defendant's action of ejectment against plaintiff, for rent due

defendant upon land occupied by plaintiff is set aside on *de novo* review by Supreme Court where plaintiff's land had not been involved in the litigation and debt was not contracted on its credit nor charged upon it by agreement notwithstanding plaintiff had made no specific objection to the clause in regard to the lien but did seek reversal of entire decree.

9. Costs—Modification of Decree—Setting Aside Lien.

Costs are awarded defendant, notwithstanding modification of decree by setting aside lien imposed thereby on realty that had not been involved in the litigation, where plaintiff did not make specific objection to provision for lien.

Appeal from Macomb; Cash (Paul R.), J., presiding. Submitted January 8, 1946. (Docket No. 13, Calendar No. 43,144.) Decided April 1, 1946.

Bill by Louis H. Caplan against Gilbert T. Jerome, administrator of the estate of George Jerome, to quiet title to real estate and to restrain an action of ejectment. Cross bill by defendant against plaintiff to quiet title in cross plaintiff. Decree for defendant. Plaintiff appeals. Affirmed.

*Guy L. Frost* and *John G. Heal,* for plaintiff.

*Frank M. Kopietz,* for defendant.

Butzel, C. J. The southwest quarter of section 19, town 1 north, range 12 east, Warren township, Macomb County, Michigan, is a fractional quarter section, the west one-half of which contains 68 acres instead of the usual 80 acres. However, it was assessed as if it contained 80 acres, the two descriptions used being northwest quarter of the southwest quarter, 40 acres, and the southwest quarter of the southwest quarter, 40 acres. Both the northwest fraction and the southwest fraction were sold on foreclosure of tax liens to the State of

Michigan. Subsequently, the State land office board sold and deeded the northwest quarter of the southwest quarter, et cetera, described as containing 40 acres more or less, to George Jerome, the administrator of whose estate is made defendant herein. George Jerome and his administrator are referred to interchangeably as defendant, both in the record and this opinion. The Jerome family had owned the land described as the northwest quarter of the southwest quarter of section 19 for many years. Samuel Caplan, the father of plaintiff, had owned the southwest quarter of the southwest quarter also for many years. He died intestate leaving five children. The plaintiff, Louis H. Caplan, acquired the interest of his brother, Joseph Caplan.

The southwest quarter of the southwest quarter was bid in at scavanger sale by Charles J. Reimold, whereupon Louis H. Caplan, plaintiff herein, began suit and a consent decree was entered so that the deed from the State ran to Louis H. Caplan. The property was described as southwest quarter of the southwest quarter, section 19, et cetera, but did not state the amount of the acreage. After the scavenger sale, one Leonard C. Cohen subsequently began suit in the circuit court for the county of Wayne against Louis H. Caplan, his uncle, claiming an interest in the property, and it may be noted Louis H. Caplan, plaintiff, claimed that Leonard C. Cohen as cotenant had been cut off by the scavenger sale. The same reasoning as to the cutting off of prior rights applies in the instant case although plaintiff now takes an inconsistent position.

There is in dispute a parcel of property which contains approximately 3.5 acres and is located between the upper and lower parts of the west half of said southwest quarter. It was fenced in and was evidently used by plaintiff or his predecessors as pasture land. It was 146.82 feet in length on the

west line and 152.15 feet in length on the east line north of and adjacent to the one-eighth line between the northwest quarter and the southwest quarter of section 19, et cetera. Plaintiff, even if he were the owner, lost whatever title he had when the State of Michigan acquired title after the chancery decree on foreclosure for taxes. This property was sold at scavenger sale to George Jerome, as it was included in the description which stated that there were 40 acres more or less. Defendant and appellee Jerome demanded possession of the 3½ acres in dispute, and thereafter brought an action of ejectment against plaintiff Caplan. The case was tried in the circuit court for the county of Macomb, and an opinion filed in favor of Jerome. Thereupon Caplan filed a bill of complaint enjoining entry of judgment and asking that he be declared sole owner of the 3½ acres.

Defendant Jerome in turn filed a cross bill asking that he be declared the sole owner of the property. Plaintiff appeals from an adverse decree. He only raises one question in his brief:

"Did the defendant by bidding as former owner acquire not only the land he had formerly owned but also a part of an adjoining parcel to the south which through error had been assessed to him and which the State purported to convey to him pursuant to the provisions of the scavenger sale act?"

Plaintiff had his opportunity to defend any claim of the State in the chancery suit for foreclosure of tax liens preceding the decree of sale by virtue of which the State acquired title. Plaintiff makes some vague claim that the property had not been assessed properly in the first place and that the assessors made a mistake in assessing the full 40 acres to George Jerome when part of it belonged to plain-

tiff's family. The tax was not invalid because the land was assessed in the name of one other than. the owner, and the decree for the sale of land to the State for delinquent taxes was not rendered void by reasons of an error in the name of the owner. 1 Comp. Laws 1929, § 3492 (Stat. Ann. § 7.153). Every owner of land is chargeable with notice that a tax will be levied on it each year. It is no hardship to require that he shall appear at the hearing in court and raise any question affecting the manner of the assessment as well as the validity of the taxes, and secure such a decree as in law and equity protects his interests as owner. *Detroit Life Insurance Co.* v. *Auditor General,* 228 Mich. 191, quoted at length in *Auditor General* v. *Ober,* 304 Mich. 193, also cited in *Re Petition of Auditor General,* 260 Mich. 578. Also, see *Hooker* v. *Bond,* 118 Mich. 255; *Auditor General* v. *Keweenaw Association,* 107 Mich. 405; *Smelsey* v. *Safety Investment Co.,* 310 Mich. 686.

The southwest quarter was bid in by mistake by Reimold, which error plaintiff was quick to rectify, but plaintiff took no action within six months from the date of the deed to Jerome by State land office. board to have it set aside. In fact, approximately two and one-half years elapsed after the deed to Jerome was issued before plaintiff made any objection. The judge properly held that after the expiration of six months, it was too late to bring suit and that the tax sale and deeds are valid. Act No. 155, § 8e, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 3723–8e, Stat. Ann. 1945 Cum. Supp. § 7.958 [5]). We find no equities arising out of any contract in plaintiff's favor, and the cases cited in the brief on his behalf are not pertinent.

In view of our decision, we need not discuss the question, whether plaintiff, not being the only party in interest, could bring suit without joining the others. The court did order an accounting as to the rental value between the parties and found that plaintiff had occupied defendant's land 48 months at the rental value of $25 a month, and that plaintiff owed defendant $1,200. See *Gartner* v. *State Land Office Board*, 305 Mich. 465. He further gave plaintiff the right to buy the 3½ acres upon payment of $2,000 plus the accrued rental, making a total of $3,200, within 30 days of the filing of the decree. The court ordered that if plaintiff did not purchase such 3½ acres, defendant would hold it free and clear from all claims of plaintiff, and moreover, defendant would be entitled to a money decree of $1,200 against plaintiff for rental, and that defendant should have a lien on plaintiff's southwest quarter of the southwest quarter of section 19, et cetera, more particularly described in the decree, for the sum of $1,200 rental, and he entered provisions in regard to the foreclosure of the lien, if not paid within the time specified in the decree. While plaintiff claims the entire decree should be reversed, he made no specific objection to the clause in regard to the lien.

Inasmuch, however, as we hear chancery cases *de novo,* that part of the decree imposing a lien upon plaintiff's land is set aside. The question is not raised in the briefs but it is almost fundamental law that equity cannot create a lien on real estate in a case of this character to secure a debt not contracted on its credit and not charged upon it by agreement. It cannot create a lien upon lands not involved in the litigation. *Dehn* v. *Dehn,* 170 Mich. 407; *Whitehead* v. *Barker,* 288 Mich. 19.

Subject to this modification, the decree of the trial court is affirmed. As plaintiff did not specifically object to the creation of the lien, defendant will recover costs.

CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred. REID, J., did not sit.