W. & E. BURNSIDE, INC. v BANGOR TOWNSHIP

1. Taxation—Tax Tribunal—De Novo Proceedings—Board of Review.

Proceedings before the Tax Tribunal are original and are considered *de novo;* however, in order to contest an assessment the valuation first must be protested before the board of review (MCLA 205.735[1]; MSA 7.650[35][1]).

2. Statutes—Interpretation of Statutes—In Pari Materia.

Statutes *in pari materia* must be construed together.

3. Statutes—Interpretation of Statutes.

Statutes are to be interpreted so as to avoid absurd results.

4. Taxation—Increase in Assessment—Notice.

The sending of notice to a taxpayer, where it is required by statute, is a prerequisite to a valid increase in a tax assessment.

5. Taxation—Increase in Assessment—Notice of Assessment—Remand—Statutes.

A case in which a taxpayer's property tax assessment was increased without notice to the taxpayer prior to a meeting of the board of review must be remanded for a determination of whether less than 30 percent of the parcels in the district received increased assessment which would invalidate the raised assessment, where the issue was never argued and no proof was presented to substantiate a defendant township's claim that more than 30 percent of the parcels had received increased assessments and that the sending of notice was therefore unnecessary (MCLA 211.24c; MSA 7.24[3]).

References for Points in Headnotes

[1, 6] 72 Am Jur 2d, State and Local Taxation §§ 787, 802, 810.

[2] 73 Am Jur 2d, Statutes §§ 186–189.

[3] 73 Am Jur 2d, Statutes §§ 142, 145, 146.

[4–6] 72 Am Jur 2d, State and Local Taxation § 782 *et seq.*

[5] 71 Am Jur 2d, State and Local Taxation § 167.

72 Am Jur 2d, State and Local Taxation §§ 777–780.

6. TAXATION—TAX TRIBUNAL—JURISDICTION—NOTICE OF ASSESSMENT
     —STATUTES—CIRCUIT COURT.

The Tax Tribunal is a reviewing body and therefore properly
dismissed a case in which a taxpayer challenged an assessment
which had not been first challenged before the township board
of review because the taxpayer was not given notice of the
assessment prior to the meeting of the board of review; jurisdic-
tion of the issue whether a proper notice of increased tax
assessment was given before the date of a board of review
meeting is properly in the circuit court (MCLA 205.731[a],
205.735; MSA 7.650[31] [a], 7.650[35]).

Appeal from Tax Tribunal. Submitted May 4,
1977, at Grand Rapids. (Docket No. 29731.) De-
cided August 23, 1977. Leave to appeal applied for.

Complaint in circuit court by W. & E. Burnside,
Inc., and Bay Truck Sales, Inc., against Bangor
Township and Ruth Charbonneau, Bangor Town-
ship Treasurer, for refund of taxes paid under
protest. The case was removed by stipulation of
the parties to the Tax Tribunal, which dismissed
it. Plaintiffs appeal. Remanded to the circuit court
because transfer to the Tax Tribunal was improper
for want of jurisdiction.

*Learman, Peters & Sarow,* for plaintiffs.

*Higgs, Higgs & Darbee,* for defendants.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK
and A. C. MILLER,* JJ.

J. H. GILLIS, P. J. Plaintiff, W. & E. Burnside,
Inc. (hereinafter referred to as Burnside) owns a
parcel of land in Bangor Township, Bay County,
Michigan. Plaintiff, Bay Truck Sales, Inc. (herein-
after referred to as Bay Truck) leases this parcel
from plaintiff Burnside. Under the terms of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

lease, plaintiff Bay Truck is obligated to pay all of the taxes due on the parcel of land.

For the 1974 tax year the assessed valuation of the property was $48,000. Sometime during 1975, the assessed value on the parcel was increased to $100,000. Plaintiffs first learned of the increase in December of 1975 upon receipt of the 1975 tax statement.

On February 13, 1976, plaintiffs paid the 1975 bill under protest. The basis of plaintiffs' protest was that the assessed valuation was excessive and that defendants had failed to notify plaintiffs of the increase for 1975. On March 10, 1976, plaintiffs commenced a suit in Bay County Circuit Court for a refund pursuant to MCLA 211.53; MSA 7.97. On April 9, 1976 the parties stipulated to remove the case to the Michigan Tax Tribunal.

The Tax Tribunal dismissed the case because plaintiffs had failed to exhaust their administrative remedies. Plaintiffs appeal as of right.

The Tax Tribunal Act, MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.,* effective July 1, 1974, created the tax tribunal. Section 31 of the act provides that:

"The tribunal's exclusive and original jurisdiction shall be:
"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
"(b) A proceeding for refund or redetermination of a tax under the property tax laws." MCLA 205.731; MSA 7.650(31).

Proceedings before the tax tribunal are original and are considered *de novo;* however, in order to contest an assessment, the "valuation of the same

property must be protested before the board of review". MCLA 205.735(1); MSA 7.650(35)(1).[1]

In the instant case, defendant Bangor Township's Board of Review met at the statutorily required times.[2] Plaintiffs were not present at these meetings to protest the increased valuation of the property in question as neither had notice of the increase until well after the meetings. It was upon this failure to protest that the tax tribunal dismissed plaintiffs' claim.

Plaintiffs contend that they were not given notice as required by MCLA 211.24c; MSA 7.24(3), and that therefore the increase is void. The cited statute provided:

"The supervisor or assessor shall give to each owner or person or persons listed on the tax roll of the property a notice by first class mail of any increase in the assessment for the year. The notice shall specify each parcel of property, the assessed valuation for the year and the previous year, the net change in assessment and the time and place of the meeting of the board of review. The notice shall be addressed to the owner according to the records of the supervisor or assessor and mailed not less than 10 days before the

[1] MCLA 205.735(1); MSA 7.650(35)(1) was recently amended, 1976 PA 365. It presently reads:

"A proceeding before the tribunal shall be original and independent and shall be considered de novo. In the case of an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute, except that for the 1976 tax year only in a county whose state equalized valuation set by the state tax commission exceeds its assessed valuation and its equalized valuation set by the county board of commissioners for that year by at least 10%, a taxpayer may appeal directly to the tax tribunal."

Inasmuch as the effective date of the amendment was December 23, 1976, we will utilize the original act in deciding the present case; however the amendments may be used to aid us in seeking to determine the legislative intent behind the original wording.

[2] The statute states that the board of review of each township shall meet at the office of the supervisor on the Tuesday next following the first Monday in March. MCLA 211.29; MSA 7.29.

meeting of the board of review. The failure of the property owner to receive notice shall not invalidate any assessment roll or any assessment on property. In the event the supervisor or assessor shall increase the assessment of 30% or more of the parcels within the assessing district then the notice called for in this section shall not be required to be issued to the owners of property living within the district." MCLA 211.24c; MSA 7.24(3).[3]

Defendants, relying on MCLA 205.741, 205.774; MSA 7.650(41), 7.650(74),[4] and *Imerman Screw Products Co v Hamtramck,* 67 Mich App 727; 242 NW2d 505 (1976), argue that the tax tribunal is the only proper forum in this situation and that plaintiffs are precluded from proceeding before the tax tribunal because they failed to exhaust their administrative remedies, *i.e.,* they did not first protest the assessment before the board of review. This analysis leaves taxpayers such as plaintiffs

---

[3] MCLA 211.24c; MSA 7.24(3) was amended, effective December 23, 1976. 1976 PA 361. It now reads:

"The supervisor or assessor shall give to each owner or person or persons listed on the tax roll of the property a notice by first class mail of an increase in the assessment for the year. The notice shall specify each parcel of property, the assessed valuation for the year and the previous year, the net change in assessment, and the time and place of the meeting of the board of review. The notice shall be addressed to the owner according to the records of the supervisor or assessor and mailed not less than 10 days before the meeting of the board of review. The failure of the property owner to receive notice shall not invalidate an assessment roll or an assessment on property."

*See* n 1 for the effect of the amendment on this case.

[4] "A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in section 31, shall proceed only before the tribunal." MCLA 205.741; MSA 7.650(41).

"The right to sue any agency for refund of any taxes other than by proceedings before the tribunal is abolished as of September 30, 1974. If a tax paid to an agency is erroneous or unlawful, it shall not be requisite that the payment be made under protest in order to invoke a right to refund by proceedings before the tribunal." MCLA 205.774; MSA 7.650(74).

without a remedy and gives no effect to the notice statute.

We point out that *Imerman* did not involve a question of notice. We perceive our task in this ·case to interrelate and interpret the notice statute and the tax tribunal act so as to achieve the purposes of both. Two fundamental rules of statutory construction apply. Statutes *in pari materia* must be construed together, *County of Wayne v State Department of Social Welfare,* 343 Mich 475, 479–480; 72 NW2d 200 (1955), *Van Antwerp v State,* 334 Mich 593, 605; 55 NW2d 108 (1952), *Rathbun v State,* 284 Mich 521, 543–545; 280 NW 35 (1938), and statutes are to be interpreted so as to avoid absurd results. *Attorney General v Detroit United Railway,* 210 Mich 227; 177 NW 726 (1920).

The notice statute was enacted in 1969. 1969 PA 115. Prior to that time, the taxpayer was held responsible to be aware of the board of review meetings and failure to appear before the board of review barred the taxpayer from seeking further relief. See, *e.g., Fletcher Paper Co v Alpena,* 172 Mich 35; 137 NW 640 (1912), *Michigan Savings Bank v Detroit,* 107 Mich 246; 65 NW 101 (1895), *Imerman Screw Products Co v Hamtramck, supra, Hutson v Royal Oak,* 28 Mich App 393; 184 NW2d 558 (1970).

By sending notice of an increase, the taxpayer is given an opportunity to protest and be heard. We find that when required by the statute, the sending of notice is a prerequisite to a valid increase in a tax assessment. See *Fisher v Muller,* 53 Mich App 110; 218 NW2d 821 (1974). It is necessary to give full effect to the notice statute for any other interpretation would mean that in situations such as the one herein presented where the tax state-

ment (actual notice of the increase) post dates the board of review meeting, the opportunity to be heard would be foreclosed to the taxpayer and the purpose of the statute not achieved.

We read the statute literally and hold that in the instant case if less than 30% of the parcels in the district were reappraised, then the sending of notice was mandatory.[5] There is no dispute that no notice was sent to plaintiffs. Defendants contend that more than 30% of the parcels in the district were reappraised; however that issue was never argued, and no proof was presented below to substantiate defendants' claim. A remand is necessary to answer this question, but what is the proper forum to conduct this hearing?

The tax tribunal act does not provide a procedure to resolve this problem. The tax tribunal is a reviewing body, MCLA 205.731(a); MSA 7.650(31)(a), *Emmet County v State Tax Commission,* 397 Mich 550, 555; 244 NW2d 909 (1976). It properly dismissed this case, as it had nothing to review and, therefore, had no jurisdiction. MCLA 205.735; MSA 7.650(35), *Imerman Screw Products Co v Hamtramck, supra.*[6]

Issues of proper notice predate the board of review meetings. In order to give effect to the tax tribunal act and the notice statute we remand this case to the circuit court. Transfer to the tax tribu-

---

[5] Defendants interpret the phrase "[t]he failure of the property owner to receive notice * * * " to mean the failure to send or receive notice. We do not. Other statutes pertaining to similar subject matter use language in the alternative, *see e.g.* MCLA 211.61a; MSA 7.106, MCLA 211.44; MSA 7.87, and the Legislature if it intended the alternative in this statute could have so stated. We note that the statute as amended retained this same language. Finding the meaning to be clear it is our duty to enforce it as written. *Nordman v Calhoun,* 332 Mich 460, 465; 51 NW2d 906 (1952).

[6] The amendment to MCLA 205.735(1); MSA 7.650(35)(1) more emphatically stresses that the tribunal's function is to review and that a prior hearing is jurisdictional to the tax tribunal hearing the case.

nal was improper as there was no jurisdiction in the tax tribunal. See n 6.

Upon remand, the circuit court is to decide what percentage of the parcels had an assessed valuation which was increased within the district. If 30% or more of the parcels received an increased assessment, then plaintiffs were not entitled to the mailed notice and the assessment is valid.[7] If less than 30% of the parcels within the district received an increase in their assessment, then the assessment is invalid and plaintiffs are entitled to a refund. We note that as of December 23, 1976, it is mandatory that notice be sent in all instances of an increased valuation of property and that percentage determinations will be unnecessary in the future.

Remanded. No costs. We retain no further jurisdiction.

---

[7] Plaintiffs have stated in their brief that they question the constitutionality of the 30% provision, "but believe such an argument to be improper at this time". Plaintiffs-appellants' brief, p 10. Plaintiffs having declined to argue the issue, we accordingly decline to comment on the issue or decide it.