SISTERS OF MERCY, PROVINCE OF DETROIT, INC.
v PENNFIELD TOWNSHIP

Docket No. 77-3943. Submitted April 20, 1978, at Detroit.—Decided June 13, 1978.

Plaintiff Sisters of Mercy, Province of Detroit, Inc., was notified on November 24, 1975, by defendant Pennfield Township that real property owned by plaintiff which had been subject to a tax exemption since 1961 had been placed on the tax rolls for 1975, and that the taxes due thereon were payable on December 1, 1975. Following a series of communications between plaintiff and defendant that failed to resolve the question of plaintiff's exemption, plaintiff filed, on March 14, 1977, a petition with the Michigan Tax Tribunal claiming the exemption and requesting that the assessment rolls be corrected. The Tax Tribunal dismissed the petition on the grounds that plaintiff had failed to file a copy of the petition with the school district in which the property was located and had failed timely to file the petition. Plaintiff appeals. *Held:*

1. Dismissal by the Michigan Tax Commission of the petition seeking reinstatement of a tax exemption was mandated by the failure to protest the increased assessment to the township board of review, such protest being a prerequisite to the Tax Tribunal's jurisdiction, notwithstanding the fact that the property owner was not notified of the revocation of the tax exemption until after the township board of review had completed its review process.

2. Notice to a property owner by the supervisor or assessor of the township in which the property is located of an increased assessment caused by the revocation of a tax exemption must be made at least ten days before the meeting of the township board of review. Satisfaction of that notice requirement is a precondition to a valid increase in the tax assessment.

Dismissal of the petition is affirmed; however, the tax assess-

REFERENCES FOR POINTS IN HEADNOTES

[1] 71 Am Jur 2d, State and Local Taxation §§ 316, 320, 322, 325.
    72 Am Jur 2d, State and Local Taxation § 822.
[2] 71 Am Jur 2d, State and Local Taxation §§ 316, 320, 322, 325.
    72 Am Jur 2d, State and Local Taxation § 823.

ment is invalid because notice of revocation of the tax exemption was not timely given.

1. Taxation — Tax Tribunal — Dismissal of Petition — Jurisdiction — Protest of Assessment — Statutes.

Dismissal of a petition before the Michigan Tax Tribunal seeking reinstatement of a tax exemption is mandated by the failure to protest the increased assessment to the township board of review, such protest being a prerequisite to the Tax Tribunal's jurisdiction, notwithstanding the fact that the property owner is not notified of the revocation of its tax exemption until after the township board of review has completed its review process (MCL 205.735[1]; MSA 7.650[35][1]).

2. Taxation — Assessments — Notice of Increase — Timely Notice — Statutes.

Notice to a property owner by the supervisor or assessor of the township in which the property is located of an increased assessment caused by the revocation of a tax exemption must be made at least ten days before the meeting of the township board of review; satisfaction of that notice requirement is a precondition to a valid increase in the tax assessment (MCL 211.24c; MSA 7.24[3]).

*Colombo & Colombo (by Louis J. Colombo, John P. Hartwig and Lawrence F. Raniszeski),* for plaintiff.

*Sullivan, Hamilton, Ryan, Schulz & Woodruff, P.C.,* for defendant.

Before: D. F. Walsh, P.J., and D. E. Holbrook and R. M. Maher, JJ.

Per Curiam. Plaintiff appeals from the Michigan Tax Tribunal's dismissal of its petition claiming exemption from taxation on its real property located within defendant township.

In 1961 plaintiff was granted a tax exemption on the subject property pursuant to MCL 211.7; MSA 7.7. On November 24, 1975, plaintiff's treasurer was notified by mail that its property had been

placed on the tax rolls for 1975 and that taxes due thereon were payable December 1, 1975. A series of communications between plaintiff and the township supervisor failed to resolve the question of plaintiff's exemption.

Consequently, on March 14, 1977, plaintiff filed a petition with the Michigan Tax Tribunal claiming the exemption and requesting that the assessment rolls be appropriately corrected. Upon defendant's failure to file an answer within 30 days, plaintiff moved the tribunal for a default judgment. The tribunal denied the motion and dismissed the petition on two grounds: (1) that a copy of the petition had not been sent to the secretary of the school board in the district in which the property was located; and (2) that the petition was not timely filed. MCL 205.735(3); MSA 7.650(35)(3).[1]

Plaintiff appeals the tribunal's action claiming that defendant's failure to give timely notice to plaintiff of revocation of the tax exemption precluded administrative or judicial review of that action, and that the tax imposed for 1975 was therefore invalid.

The contention that the tardy notification prevented plaintiff from challenging defendant's action is correct. Even assuming that plaintiff had avoided the procedural pitfalls upon which the tribunal based its decision, the tribunal would have had no jurisdiction to hear the dispute because of plaintiff's failure to protest the assessment to the board of review. MCL 205.735(1); MSA 7.650(350(1).[2] Insofar as the board of review hears

[1] Plaintiff's motion for rehearing was denied by the tribunal, which explicitly ruled that the action was governed by the 1976 amendments to the statute. 1976 PA 365, effective December 23, 1976.

[2] That failure would oust the tribunal of jurisdiction under both the original and the amended versions of the statute. See, *Imerman Screw Products Co v Hamtramck,* 67 Mich App 727; 242 NW2d 505 (1976).

challenges to assessments in March, MCL 211.30; MSA 7.30, and must complete its review of assessments by the first Monday in April, MCL 211.30a; MSA 7.30(1), notification to the plaintiff in November of the tax year obviously afforded it no opportunity to protest the assessment to the board.

Therefore, although we must affirm the tribunal's dismissal of the petition because MCL 205.735(1); MSA 7.650(35)(1) requires protest to the board of review as a prerequisite to the tribunal's jurisdiction, it does not follow that defendant may enforce the tax imposed as the result of the assessment.

MCL 211.24c; MSA 7.24(3) required defendant's supervisor or assessor to notify plaintiff no later than ten days before the meeting of the board of review of the increase in assessment. Satisfaction of that notice requirement is a precondition to a valid increase in a tax assessment. *W & E Burnside, Inc v Bangor Twp,* 77 Mich App 618; 259 NW2d 160 (1977). Accordingly, we hold that the defendant's failure to satisfy the notice requirement of the above statute rendered the assessment and consequent tax invalid and unenforceable.[3]

Costs to appellant.

---

[3] This result is not inconsistent with the statutory language which states:

"The failure of the property owner to receive notice shall not invalidate an assessment roll or an assessment on property." MCL 211.24c; MSA 7.24(3).

First, to construe that language as precluding invalidating an assessment where the supervisor failed to *send* any notice would nullify the entire statutory provision. We think a more reasonable interpretation to be that the Legislature did not intend to make actual notice precondition to a valid increase in assessment. See, *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976).

Second, the effect given the statute in the instant case is consistent with both the legislative intent, *W & E Burnside, Inc v Bangor Twp,* 77 Mich App 618; 259 NW2d 160 (1977), and with the principles of due process. See, *Dow v Michigan, supra, Fisher v Muller,* 53 Mich App 110; 218 NW2d 821 (1974).