HENAL REALTY COMPANY v BROWNSTOWN TOWNSHIP

Docket No. 78-2717. Submitted February 13, 1979, at Detroit.—Decided May 22, 1979.

Petitioner, Henal Realty Company, was the owner of a parcel of property which was divided into three parts, one of which was donated to a school district and is not at issue. The remaining parcels were sold to Winchester Commons Properties, 6.642 acres in fee simple and 28.56 acres on land contract. Winchester developed the 6.642-acre parcel with a condominium project which failed and the financing bank foreclosed. Petitioner also foreclosed on its land contract and regained ownership of the 28.56-acre parcel. At some point in the course of these transactions the assessed value of the original parcel was "split" among the three resulting parcels. Henal Realty filed a petition with the Michigan Tax Tribunal alleging that the split was made without notice or hearing and that it was unfair in that it allocated too much value to the 28.56-acre parcel and not enough to the 6.642-acre parcel and naming Brownstown Township as respondent. Wayne County successfully moved to intervene and for accelerated judgment, which was granted for the reasons that petitioner has failed to protest the tax split before the board of review and that the appeal was not timely filed. Petitioner appeals. *Held:*

1. The dispute is an assessment dispute subject to the requirement that it be protested before the township board of review before the tax tribunal acquires jurisdiction.

2. Since the record below fails to show the operative facts to determine if notice was required to be sent to petitioner, accelerated judgment was premature.

Judgment vacated and case remanded for further proceeding.

1. TAXATION — STATUTES — MICHIGAN TAX TRIBUNAL — JURISDICTION.

By statute the Michigan Tax Tribunal, which has original and exclusive jurisdiction over all agency decisions relating to assessment, does not acquire jurisdiction in an assessment

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 72 Am Jur 2d, State and Local Taxation §§ 782-787.

dispute unless the assessment is first protested before the board of review (MCL 205.731, 205.735; MSA 7.650[31], 7.650[35]).

2. APPEAL AND ERROR — TAXATION — ASSESSMENT "SPLIT" — NOTICE.
The Court of Appeals will remand to the Michigan Tax Tribunal a case involving a dispute over the fairness of a "split" in the assessed value of a parcel of land where the tax tribunal granted accelerated judgment for failure to protest the split before the board of review, where the petitioner claims a lack of notice of the split and where the record is inadequate to determine if notice of the tax split was required.

*Schiff, Levine & Goodstein,* for petitioner.

*Aloysius J. Suchy,* Corporation Counsel, and *John K. Godre,* Assistant Corporation Counsel, for intervening respondent-appellee.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

CYNAR, P.J. Petitioner appeals as of right from a June 20, 1978, order of the Michigan Tax Tribunal, granting the intervening appellee's motion for accelerated judgment on the grounds that petitioner had failed to exhaust its administrative remedies and had failed to file a timely petition.

On November 8, 1977, petitioner filed an action in the Michigan Tax Tribunal alleging that the assessed value of a 28.56-acre parcel of land owned by it was too high. Specifically the petition alleged that at one time it had owned a 44.888-acre parcel of which the parcel in question was a part. Petitioner alleged that in 1972 or 1973[1] the 44.888-acre parcel was divided into three parts: 9.686 acres were donated to the school district and are not at issue here; 6.642 acres were conveyed in fee to Winchester Commons Properties; and the 28.56-

---

[1] The petition is very vague as to the dates of the various occurrences.

acre parcel was sold to Winchester Commons Properties on a land contract.

The petition further alleged that condominium models were built upon the 6.642-acre parcel and that the 28.56-acre parcel was left undeveloped. The construction on the smaller parcel was financed by the Chemical Bank of New York. However, the condominium project failed and the Chemical Bank foreclosed its mortgage on the 6.642-acre parcel. Petitioner also foreclosed upon the land contract and regained ownership of the 28.56-acre parcel.

At some time in the course of these transactions, the assessed value of the entire 44.888-acre parcel was "split" between the various parcels.[2] This split was allegedly applied to the years 1974, 1975, and 1976. Petitioner contended that the split was unfair, as it allocated too much of the value to its undeveloped property. Petitioner also claimed the split was made without notice to it or a hearing.[3]

Respondent never filed an answer to this petition. However, the County of Wayne successfully moved to intervene and filed a motion for accelerated judgment. This was granted on two grounds: that petitioner had failed to protest the tax split

[2] This type of "split" can be made by the State Tax Commission under MCL 211.152; MSA 7.210. See *Detroit v State Tax Comm,* 369 Mich 508, 513; 120 NW2d 258 (1963). In the present case, it is alleged that the split was made by Brownstown Township, Conceivably, this could have been done pursuant to MCL 211.24; MSA 7.24 which requires the assessor to assess as one parcel "[a]ll contiguous subdivisions of any section that are owned by 1 person, firm or corporation * * * unless demand in writing is made by the owner or occupant to have each subdivision of the section or each lot assessed separately".

[3] In its brief on appeal, the intervening respondent claims that on March 19, 1976, the Chemical Bank requested a tax split for the year 1975. The brief further claims that on April 15, 1977, petitioner requested a similar tax split for the year 1974. These facts were not raised below and will not be considered on appeal. *Spartan Asphalt Paving Co v Tri-Cities Construction, Inc,* 68 Mich App 305, 309; 242 NW2d 565 (1976).

before the board of review and that the appeal was not timely filed.

Petitioner initially contends that the present case is not an assessment dispute as it does not dispute the assessment for the entire 44.888-acre parcel. Accordingly it contends that protest before the board of review was unnecessary.

Under MCL 205.731; MSA 7.650(31) the Tax Tribunal has original and exclusive jurisdiction over all agency decisions relating to assessment.[4] However, under MCL 205.735; MSA 7.650(35) the tribunal does not acquire jurisdiction in an assessment dispute unless the assessment is first protested before the township board of review.[5] See also *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120, 158; 265 NW2d 182 (1978).

We conclude that the above provisions are applicable in this case. We find no merit in petitioner's claim that the case does not relate to assessment. The gravamen of his complaint is that the 28.68-acre parcel was assessed at too high a value and that the 6.642-acre parcel was assessed too low. As part of its relief petitioner requests that the "split" be set aside and recomputed and part of the money previously paid be refunded. We there-

---

[4] MCL 205.731; MSA 7.650(31) reads: "The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws."

[5] MCL 205.735(1); MSA 7.650(35)(1) reads in pertinent part:

"In the case of an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute."

MCL 211.29; MSA 7.29 requires that the board of review of each township meet at the office of the supervisor on the Tuesday next following the first Monday in March.

fore conclude that this is an assessment dispute, which requires protest before the township board of review.

Petitioner next claims that the requirement of protest before the board of review is inapplicable in this case because it did not receive notice of the tax split. Petitioner further alleges that the lack of notice also excuses its nontimely filing of the petition in this case.[6]

In *W & E Burnside, Inc v Bangor Twp,* 77 Mich App 618; 259 NW2d 160 (1977), this Court was confronted with a similar situation. There plaintiffs contended that they had not received timely notice of an assessment increase, as required by statute.[7] As a result, plaintiffs were not present to protest this increase at the meeting of the township board of review. This Court ordered the case remanded to the circuit court for a determination of whether plaintiffs were required to receive notice under the statute.

On appeal to the Michigan Supreme Court, the decision of the Court of Appeals was reversed. In a brief order the Court stated:

"Leave to appeal is considered May 31, 1978 and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals is reversed and the case is remanded to the Tax Tribunal. If the tribunal deter-

---

[6] MCL 205.735(2); MSA 7.650(35)(2) reads:

"(2) The jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which he seeks to review or within 30 days after the receipt of a bill for a tax he seeks to contest. The unit of government shall be named as respondent. Service of the petition on the respondent shall be by certified mail."

If, as petitioner alleges, it never received notice of the tax split, then the 30-day period has not yet begun to run.

[7] The statute involved in that case was MCL 211.24c; MSA 7.24(3), which was subsequently amended on December 23, 1976.

mines a notice should have been sent, the assessment increase is invalid and plaintiff is entitled to a refund. If the tribunal determines no notice was required, the tribunal must still determine whether or not the assessment increase was excessive, and that there is no other bar to granting relief." *W & E Burnside, Inc v Bangor Twp,* 402 Mich 950 (1978).

We conclude that a remand is also required in the present case, although in part for a different reason. We are unable to determine from the record below when and under what circumstances the tax "split" occurred. As a result we have none of the operative facts before us to determine if notice of the tax split was required to be sent to plaintiff. Since these same facts or lack thereof were also before the Tax Tribunal, we must therefore conclude that accelerated judgment was prematurely granted. On the record before it, the Tax Tribunal could not have determined if petitioner's failure to exhaust administrative remedies or timely file a petition in the Tax Tribunal warranted granting accelerated judgment.

Therefore, following the Supreme Court's lead in *Burnside, supra,* we vacate the accelerated judgment and remand the case to the Tax Tribunal for further proceedings. At these proceedings, the tribunal should take testimony and make findings as to the relevant facts, including the following:

1) The date upon which the tax split was ordered;

2) Who requested and was a party to the split;

3) Who had notice of the split;

4) Who ordered the split;

5) The date and terms of the sale or sales to Winchester Commons Properties;

6) The date upon which Chemical Bank obtained title to the 6.642-acre parcel;

7) The date upon which petitioner regained title to the 28.56-acre parcel;

8) The taxes assesed for each of the two parcels for the years 1974, 1975, and 1976;

9) Who, if anyone, has paid the taxes for 1974, 1975, and 1976;

10) Whether petitioner was entitled to notice of the tax split;

11) Whether petitioner received notice of the tax split; and

12) Whether, on the basis of this additional information, accelerated judgment is warranted in this case.

The accelerated judgment entered against petitioner is vacated and the case remanded for further proceedings consistent with this opinion. We retain no further jurisdiction. No costs, neither party prevailing in full.